**Stephen R. MASSEY, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee, at Nashville.

March 22, 1996.

No Permission to Appeal Applied for to the Supreme Court.

Hershell D. Koger, Pulaski, for appellant.

Charles W. Burson, Attorney General & Reporter, William David Bridgers, Assistant Attorney General, Criminal Justice Division, Nashville, Mike Bottoms, District Attorney General, Richard H. Dunavant, Asst. Dist. Attorney General, Pulaski, for appellee.

1. Although the petitioner prefers to be called Stephanie, for the purposes of this opinion we will address the petitioner by the name set forth in the record.

2. The petitioner filed for relief in habeas corpus form; however, the trial court treated petitioner's request as a post-conviction petition. The trial judge properly reasoned that he was without jurisdiction to hear the habeas corpus petition.

## OPINION

SUMMERS, Judge.

The petitioner, Stephen R. Massey,[1] brings this appeal challenging the trial court's dismissal of his petition for post-conviction relief.[2] Specifically, he claims that (1) the trial court erred in holding that the failure to provide petitioner with a preliminary hearing on his probation revocation was not error, (2) his due process and Fourth Amendment rights were denied when he was arrested pursuant to what petitioner labels an "unlawful warrant," and (3) his counsel was ineffective. Following our review, we affirm the judgment of the trial court.

The record reveals that the petitioner entered a best interest plea of guilty to two counts of sale of cocaine and received concurrent eight-year sentences. *State v. Massey,* No. 01C01–9307–CC–00197, 1994 WL 57600 (Tenn.Crim.App. Feb. 25, 1994). The petitioner was placed on probation on the condition that he pay fines, costs and taxes. Further, at petitioner's request, the trial judge granted unsupervised probation so long as the petitioner moved out of state as he so represented to the court.

Some months later the Pulaski, Tennessee police answered a disturbance involving the petitioner. Corporal King telephoned the county jail to determine whether petitioner had any outstanding warrants against him. Finding such a warrant, Officer Roberson located the petitioner and informed him that he was under arrest. The petitioner jerked away, grabbed the officer and scratched him. The petitioner was eventually arrested on the outstanding warrant for probation violation, i.e., failure to pay fines, costs and taxes. A second warrant was served on the petitioner alleging that he had violated his condition of probation that he leave Tennessee.[3] The

3. This Court held that this condition did not constitute banishment. Instead, we found that the trial court agreed to allow the petitioner to remain on unsupervised probation based on petitioner's statement to the court that he was moving to Alabama. Further, we agreed with the trial court that the petitioner's probation was properly revoked for violating the laws of the State of Tennessee. These violations were the resisting arrest and assault charges.

trial court found that the petitioner had violated his probation. Petitioner appealed to this Court and we affirmed. *Id.* Petitioner then filed a post-conviction petition which is the subject of this collateral appeal.

At the post-conviction hearing, the petitioner testified that he was not present at his revocation hearing on January 25, 1993. He claimed that he was unaware of the hearing until approximately one month later when his counsel, Stephen Bright, escorted him to the Giles County Jail.[4] The petitioner attacked Bright's representation claiming that Bright failed to investigate the underlying warrant for petitioner's initial arrest. This arrest served as the basis for petitioner's sixteen-day stay in the Giles County Jail during which he had no preliminary or revocation hearing. On cross-examination, the petitioner admitted that on January 26, 1993, he had signed an appellate bond. However, he denied being placed in jail following the trial judge's revocation of his probation on January 25.

Bright, the assistant public defender representing the petitioner at the revocation hearing, testified that the petitioner was present at the hearing. Counsel specifically recalled speaking with petitioner's probation officer and with the officer who had been assaulted by him. Counsel informed the petitioner of the substance of the witnesses' testimony. He told the petitioner that the assistant district attorney had offered a settlement wherein the petitioner would serve six months in jail. However, the petitioner rejected this offer.

Counsel also looked into the petitioner's allegations that the first warrant was "unlawful," and therefore, his resisting arrest justified. He stated that after researching the claim, he learned that unlawful arrest was not a valid defense to resisting arrest. Further, because the state had informed counsel that it intended to use the petitioner's assault on the officer as the basis for revoking his probation, the lawfulness of the initial arrest became irrelevant. Counsel added that he had spoken with the petitioner more than

once following the hearing. Petitioner, however, never claimed that he was not present at the hearing.

John Damron, an assistant public defender in the same district, testified that he had spoken with the petitioner on the day of the revocation hearing. Damron said that he was originally assigned to represent the petitioner but the petitioner requested Bright as counsel.

## I

The petitioner's first issue is that the trial court errantly concluded that its failure to give petitioner a preliminary hearing regarding the basis of his revocation warrant was not error. The state argues that the trial court properly held that this issue is waived due to the petitioner's failure to raise it in his direct appeal. We agree. The petitioner's direct appeal addressed the issue of his probation revocation. No claim was made that he had been denied a hearing. Tenn.Code Annotated § 40–30–112(b)(1) (1990) provides that "[a] ground for relief is 'waived' if the petitioner knowingly and understandingly failed to present if for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented." "There is a rebuttable presumption that a ground for relief not raised in any such proceeding which was held was waived." Tenn.Code Ann. § 40–30–112(b)(2). "[A] petitioner is bound by the action or inaction of his attorney." *House v. State,* 911 S.W.2d 705, 714 (Tenn.1995). If the petitioner had such a claim, it existed at the time of the direct appeal. We find nothing in the record to rebut the presumption.

Notwithstanding waiver, we find no merit to this claim. The petitioner claims that, under *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), his due process rights were violated when he did not receive a preliminary hearing. However, this Court has previously held that Tennessee's statutorily mandated proceedings "more than comply with the mere minimal

---

**4.** This escort followed counsel's notification from our clerk's office that the petitioner was to be in custody when the opinion was subsequently released. Counsel testified that he told the petitioner the opinion was to be filed and that he did not know the disposition of the case.

requirements stated in ... *Gagnon." Practy v. State,* 525 S.W.2d 677, 682 (Tenn.Crim. App.1974); *see also State v. Terry Lynn Bumpus,* No. 89–180–III, 1990 WL 17774 (Tenn.Crim.App. March 1, 1990, Nashville). This issue is meritless.

## II

 In his second issue, the petitioner attacks the validity of the warrant which served as the basis for his initial arrest. He specifically claims that his due process rights and his right against unreasonable search and seizure were violated by the "unlawful warrant." The warrant charged him with failing to pay fines, court costs, and taxes, a condition of his probation. The state argues that this issue is also waived. We agree. The petitioner was represented by counsel at the revocation hearing and on appeal. Nothing exists in the record to rebut the presumption of waiver. As cited above, "a petitioner is bound by the action or inaction of his attorney." *House v. State,* 911 S.W.2d 705, 714 (Tenn.1995).

Notwithstanding waiver, we similarly find no merit in this argument. The petitioner cites *Bearden v. Georgia,* 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983) in support of his position that he was arrested on an unlawful warrant. However, his reasoning is misguided. Under *Bearden,* a court may not revoke a defendant's probation for failing to pay fines and costs until it has determined the underlying reason for nonpayment. *Id.* at 672, 103 S.Ct. at 2072–73. If the nonpayment is willful, the probation may properly be revoked. *Id.* However, if the nonpayment is due to an inability to pay, the court may not imprison the defendant. *Id.* Because the petitioner is challenging the warrant which led to his arrest, the *Bearden* holding, which concerns postarrest proceedings, does not come into play. Petitioner's probation was not revoked for failure to pay fines and costs although this probation violation served as the primary basis of the initial arrest warrant.

Our review turns to the propriety of the arrest warrant. The petitioner concludes that because probation cannot be revoked for inability to pay, the arrest warrant, charging the failure to pay fines and costs, cannot be used as the vehicle to bring him before the court. We disagree. The sole issue is whether the probation officer was authorized to issue the warrant based on this specific probation violation. The state responds with Tenn.Code Ann. § 40–35–311(a) which reads as follows:

> Whenever it shall come to the attention of the trial judge that any defendant who has been released upon suspension of sentence has been guilty of any breach of the laws of this state or who has violated the conditions of his probation, the trial judge shall have the power to cause to be issued under his hand a warrant for the arrest of such defendant as in any other criminal case. The warrant may be executed by a probation officer or any peace officer of the county in which the probationer is found.

Tenn.Code Ann. § 40–35–311(a) (1990). *Bearden* does not restrict the commencement of revocation proceedings through the warrant process. Before the matter is brought before the court, the reasoning behind the failure to pay is unknown. The arrest warrant properly brings the matter before the court for that determination. Here, the petitioner failed to pay fines and costs, a condition of his probation. The warrant was clearly authorized on that basis. Therefore, the resulting arrest was lawful. This issue is waived and without merit.

## III

In his final issue, the petitioner claims that he was denied the effective assistance of counsel at his probation revocation hearing. In *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court established a two-prong analysis when an appellant claims that counsel's assistance was so defective so as to require a reversal. First, the appellant must show that counsel's performance was deficient and second, that the deficient performance prejudiced him or her to the point that (s)he was deprived of a fair trial. *Id.* at 687, 104 S.Ct. at 2064. As to the first prong, to prove a deficient performance, the appellant must prove that counsel's representation fell below an objective standard of reasonableness. *Id.*

at 688, 104 S.Ct. at 2064–65. This evaluation must be accompanied by a strong presumption in the reviewing court that counsel's conduct falls within the wide range of acceptable professional assistance. *Id.* at 689, 104 S.Ct. at 2065. To meet the second prong, the appellant must prove that (s)he was prejudiced by showing that there was a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different. *Id.* at 694, 104 S.Ct. at 2068.

■ In Tennessee, our Supreme Court held that the appropriate test for determining whether counsel provided effective assistance of counsel at trial is whether his or her performance was within the range of competence demanded of attorneys in criminal cases. *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn.1975).

■ As his first basis, the petitioner claims that counsel failed to investigate the facts and circumstances surrounding the arrest for violation of probation. He argues that an adequate investigation would have revealed a defense to his unlawful arrest for nonpayment of fines and costs. However, because we have already established that the arrest was lawful, counsel was not ineffective for failing to discover a nonexistent defense. Counsel testified at the post-conviction hearing that he did research the issue. From his investigation he learned that the resisting arrest and assault of an officer would not have been excused even if the arrest was unlawful. Further, the petitioner's probation was revoked for these reasons and not due to the nonpayment of fines. The initial arrest warrant became irrelevant in the final determination. We conclude that petitioner's counsel's performance was not deficient.

■ The petitioner's additional basis within this claim is that his counsel failed to adequately inform or confer with him regarding the January 25, 1993 probation revocation hearing. Contrary to the proof, we note that the petitioner contends he was not present at the hearing at all. Counsel Bright

testified that the petitioner was present at the revocation hearing. Bright even remembered that the petitioner was wearing lipstick, earrings and a jumpsuit.[5] After interviewing the witnesses, petitioner's probation officer and the assaulted police officer, Bright informed the petitioner as to the nature of their testimony. He also spoke with the petitioner regarding the state's settlement offer which would have required him to serve six months in jail.

The trial judge himself remembered that the petitioner was present at the hearing. Further, he accredited Bright's testimony and found that counsel was effective in his performance. We agree with his conclusion. The petitioner has failed to meet his burden of establishing the threshold prong of the *Strickland* test.

■ The trial judge's findings of fact on post-conviction hearings are conclusive on appeal unless the evidence preponderates otherwise. *Butler v. State*, 789 S.W.2d 898, 899–900 (Tenn.1990). This Court may not reweigh or reevaluate the evidence, nor substitute its inferences for those drawn by the trial judge. *Black v. State*, 794 S.W.2d 752, 755 (Tenn.Crim.App.1990). Questions concerning the credibility of witnesses and the weight and value to be given their testimony are resolved by the trial court, not this court. *Id.* The burden of establishing that the evidence preponderates otherwise is on the petitioner. *Id.*

The petitioner has failed to meet this burden. The judgment of the trial court is affirmed.

WADE and TIPTON, JJ., concur.

**5.** At the hearing, petitioner's post-conviction counsel wanted Bright to admit that he had somehow confused the probation revocation hearing with the later hearing on the assault charge and was, in fact, not present at the revocation hearing. However, Bright again remembered that at the assault hearing, the petitioner was wearing a floral top and a yellow mini-skirt. The trial judge confirmed seeing the yellow mini-skirt.