IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs December 5, 2000

## MIRACK R. SMITH v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. P-16716      Carolyn Wade Blackett, Judge**

—————————

**No. W1999-01566-CCA-R3-PC - Filed February 9, 2001**

—————————

The Petitioner pled guilty to one count of second degree murder and one count of especially aggravated robbery, both Class A felonies. Tenn. Code Ann. § 39-13-202 and - 403. The Petitioner received concurrent sentences of thirty years, as a Range II offender, and fifteen years, as a Range I offender, respectively. The Petitioner filed a petition for post-conviction relief; however, the petition was ultimately dismissed. The Petitioner now appeals the post-conviction court's denial of relief. The Petitioner contends: 1) that trial counsel was ineffective because counsel knew that the Petitioner had a history of mental illness but failed to investigate it, and 2) that he did not voluntarily and knowingly enter into the plea agreement because he did not know that he was to be sentenced to the thirty-year sentence as a Range II offender. Our review of the record has failed to yield any evidence that weighs against the post-conviction court's dismissal of the Petitioner's petition. Accordingly, the post-conviction court's dismissal of the Petitioner's petition is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER, J., joined. JOE G. RILEY, J., filed a separate concurring opinion.

Robert B. Gaia, Memphis, Tennessee, for the appellant, Mirack R. Smith.

Paul G. Summers, Attorney General and Reporter; Kim R. Helper, Assistant Attorney General; William L. Gibbons, District Attorney General; and Dawn Doran, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On November 6, 1995, the Petitioner pled guilty to second degree murder and especially aggravated robbery. The Petitioner subsequently filed a pro-se petition for post-conviction relief. A post-conviction hearing was held on April 10, 1997. The post-conviction court dismissed the Petitioner's petition on November 22, 1999. This appeal resulted therefrom.

# FACTS

During the early morning hours of October 26, 1994, the Petitioner and two of his acquaintances robbed and murdered Dentman Davis, Jr., the victim in this case. While the record does not conclusively indicate which one of the three actually shot the victim, the State claimed at the guilty plea hearing that one of the Petitioner's co-defendant's was the actual shooter. After murdering the victim, the Petitioner and one of the co-defendants ran to a nearby house used in the past by the Petitioner to sell drugs. When the Petitioner arrived at the house shortly after the robbery and murder, he told three people who were at the house that he had shot someone. Further, the Petitioner had blood on his clothes when he arrived at the house after the robbery and murder.

After the Petitioner was arrested, the State entered notice of its intent to seek the death penalty against the Petitioner, listing two aggravating factors in support of the death penalty. On November 6, 1995, the Petitioner pled guilty to second degree murder and especially aggravated robbery. In return for the Petitioner's guilty plea, the Petitioner received a thirty-year sentence for second degree murder as a Range II offender, and a concurrent sentence of fifteen years for especially aggravated robbery as a Range I offender.

The Petitioner subsequently filed a pro-se petition seeking post-conviction relief, raising numerous allegations. On April 10, 1997, a post-conviction hearing was held. In a decision handed down by the post-conviction court on November 22, 1999, the Petitioner's post-conviction petition was dismissed. This appeal followed.

# ANALYSIS

## Standard of Review

The trial judge's findings of fact on post-conviction hearings are conclusive on appeal unless the evidence preponderates otherwise. State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). The trial court's findings of fact are afforded the weight of a jury verdict, and this Court is bound by the trial court's findings unless the evidence in the record preponderates against those findings. Henley v. State, 960 S.W.2d 572, 578 (Tenn. 1997); Alley v. State, 958 S.W.2d 138, 147 (Tenn. Crim. App. 1997). This Court may not reweigh or reevaluate the evidence, nor substitute its inferences for those drawn by the trial judge. Henley, 960 S.W.2d at 578-79; Massey v. State, 929 S.W.2d 399, 403 (Tenn. Crim. App. 1996). Questions concerning the credibility of witnesses and the weight and value to be given to their testimony are resolved by the trial court, not this Court. Burns, 6 S.W.3d at 461. The burden of establishing that the evidence preponderates otherwise is on the petitioner. Henley, 960 S.W.2d at 579; Black, 794 S.W.2d at 755.

## Issues Presented on Appeal

1.

The Petitioner first contends that trial counsel was ineffective because counsel failed to investigate the Petitioner's history of mental health after being informed of it. We disagree.

The Petitioner claims, and presented evidence supporting his claim, that at one time he had been admitted to Parkwood Mental Hospital for inpatient treatment. The Petitioner claimed that both he and his parents told trial counsel that he had a history of mental illness. In testimony given at the post-conviction hearing, however, the Petitioner's trial counsel testified that neither the Petitioner nor the Petitioner's parents ever told him about the Petitioner's history of mental illness. Further, it was established that the Petitioner's parents knew of the post-conviction hearing, but failed to show up to testify in support of the Petitioner's contention. The Petitioner offered no other evidence to support this claim.

In the findings filed by the post-conviction court, the post-conviction court stated that it did not believe that the parents of the Petitioner nor the Petitioner ever informed trial counsel of the Petitioner's history of mental illness. Our review of the record has failed to produce any evidence that preponderates against this finding. Neither the Petitioner's parents nor the Petitioner ever informed trial counsel of the Petitioner's history of mental illness. As such, trial counsel can not be found to have been ineffective on this issue. We see no reason to disturb the finding of the post-conviction court on this issue. This issue is without merit.

2.

The Petitioner next contends that he did not voluntarily and knowingly enter into the plea agreement because he did not know that he would be sentenced to serve the thirty-year sentence as a Range II offender. We do not agree.

The Petitioner argues that he did not know that he would be sentenced as a Range II offender when he accepted the guilty plea offer. At the post-conviction hearing, the transcript of the guilty plea hearing was entered into evidence. The guilty plea transcript clearly shows that the court asked the Petitioner whether he understood the rights that he was giving up; whether the guilty plea was being given freely and voluntarily, without being forced to plead in such manner; and whether the Petitioner had discussed the case thoroughly with his counsel. The Petitioner answered affirmatively to each question. The court also asked the Petitioner whether he had any questions regarding the guilty pleas. The Petitioner answered "No." Finally, the transcript clearly sets out in three separate areas that the Petitioner's thirty-year sentence is to be served with a Range II offender classification. As we are certain the post-conviction court also found, there was ample opportunity for the Petitioner to question the Range II classification at the guilty plea hearing.

The Petitioner's trial counsel also testified at the post-conviction hearing that he had thoroughly discussed the Range II classification on the thirty-year sentence with the Petitioner. Further, a "Negotiated Plea Agreement Form" was offered into evidence at the post-conviction

hearing. The form clearly shows that the Petitioner was to be sentenced to a thirty-year sentence as a Range II offender. The form was signed by the Petitioner.

Based upon the testimony and evidence presented at the post-conviction hearing, the post-conviction court found that the Petitioner knew that he was accepting the thirty-year sentence with a Range II offender classification. Further, the post-conviction court found that the Petitioner knowingly and voluntarily entered into the guilty plea agreement. Our review of the record has failed to yield any evidence that weighs against the findings of the post-conviction court. This issue is without merit.

## CONCLUSION

The post-conviction court's dismissal of the Petitioner's petition for post-conviction relief was proper. The post-conviction court's dismissal of the Petitioner's petition for post-conviction relief is affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE