# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

## MARCH 1997 SESSION



**FILED**

**April 30, 1997**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | | |
|---|---|---|
| **TIMOTHY ANDERSON,** | ) | **C.C.A. No. 03C01-9606-CC-00245** |
| | ) | **GREENE COUNTY** |
| **Appellant,** | ) | |
| | ) | **Hon. James E. Beckner, Judge** |
| **VS.** | ) | |
| | ) | **(PROBATION VIOLATION)** |
| **STATE OF TENNESSEE,** | ) | **Nos. 9694, 9695, 9706 BELOW** |
| | ) | |
| **Appellee.** | ) | |

FOR THE APPELLANT:

MICHAEL A. WALCHER
Office of the Public Defender
1609 College Park Drive
Box 11
Morristown, TN 37813-1618

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

MICHAEL J. FAHEY, II
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

C. BERKELEY BELL, JR.
District Attorney General
109 S. Main Street
Suite 501
Greeneville, TN 37743

JOHN F. DUGGER, JR.
Assistant District Attorney General
Hamblen County Justice Center
510 Allison Street
Morristown, TN 37814

OPINION FILED:_____

AFFIRMED

CORNELIA A. CLARK,
Special Judge

**OPINION**

In this appeal the appellant contends that the trial court abused its discretion in revoking the defendant's probation and in requiring incarceration when the revocation was based on his inability to pay costs. We disagree and therefore affirm the decision of the lower court.

In May 1990 the appellant entered guilty pleas to three counts of sale of cocaine, a Schedule II controlled substance. On each count he was sentenced as a Range I standard offender to five years and was required to pay a $3,000.00 fine. The sentences were run concurrently to one another.

Pursuant to T.C.A. §40-20-206, on October 22, 1990, defendant was placed on probation by the Department of Correction for the remainder of his sentence. In June 1992 a probation violation warrant was issued against appellant, charging him with having received new charges, using intoxicants to excess, and failing to pay restitution and fines. By order entered August 27, 1992, appellant's probation was revoked. By order entered September 15, 1992, appellant was ordered to serve his sentence at the John R. Hay House Community Corrections Program following alcohol and drug treatment at another facility. By order entered March 31, 1993, defendant's probation was reinstated with an extended expiration date of April 23, 1995, subject to his obligation to pay restitution, fines, and costs on a monthly schedule.

On April 11, 1995, a show cause order was issued for appellant's failure to pay the restitution ordered in his probation agreement. By order entered April 17, 1995, appellant's probation was revoked, then reinstated and extended for one year, with a specific condition that he pay the costs, fines and jail fees at the rate of $100.00 per month.

2

On September 22, 1995, a probation revocation warrant was issued for appellant alleging that he failed to pay costs, fines and jail fees according to the previously-entered order. A probation revocation hearing was held November 15, 1995. Appellant, represented by counsel, appeared at that hearing. He testified that he had no physical or health problems that prevented his employment. He had held a number of jobs during the various times he was on probation. Over a five-year period he had paid only $10.00 into the court. At the conclusion of the hearing, the court revoked the appellant's probation and ordered him to serve the remainder of his sentence in confinement.

The petitioner cites Bearden v. Georgia, 461 U.S. 660, 76 L.Ed.2d 221, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983) in support of his position that his probation revocation was unlawful. However, his reasoning is misguided. Under Bearden, a court may not revoke a defendant's probation for failing to pay fines and costs until it has determined the underlying reason for nonpayment. Id. at 672. If the nonpayment is willful, probation may properly be revoked. Id. However, if the nonpayment is due to an inability to pay, the court may not imprison the defendant. Massey v. State, 929 S.W.2d 399, 402 (Tenn. Crim. App. 1996).

It is appellant's position that his failure to pay restitution, fines and costs was not a willful one. The record does not support that position. Appellant acknowledged that he had no physical problems which made it difficult to work. He had been employed in a number of part-time or full-time positions over the several years of probation. However, not only had he failed to pay the agreed-upon monthly amount of restitution during that period, he actually had paid a total of only $10.00 into court.

Under the facts and circumstances found in this record, we are in full accord with the findings of the trial court. The court did not act arbitrarily or abuse its discretion in revoking the probation of the appellant and requiring him to serve the remainder of his sentence. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991); State v. Williamson, 619 S.W.2d 145, 146 (Tenn. Crim. App. 1981). The judgment of the trial court is affirmed.

_____
CORNELIA A. CLARK
SPECIAL JUDGE

CONCUR:

_____
JOHN H. PEAY
JUDGE

_____
PAUL G. SUMMERS
JUDGE

# IN THE COURT OF CRIMINAL APPEALS TENNESSEE AT KNOXVILLE

TIMOTHY ANDERSON,              )      C.C.A. No. 03C01-9606-CC-00245
                              )      GREENE COUNTY
  Appellant,            )
                              )      Hon. James E. Beckner, Judge
VS.                           )
                              )      (PROBATION VIOLATION)
STATE OF TENNESSEE,           )      Nos. 9694, 9695, 9706 BELOW
                              )
  Appellee.             )


## JUDGMENT


Came the appellant, Timothy Anderson, by counsel and also came the attorney general on behalf of the state, and this case was heard on the record on appeal from the Criminal Court of Greene County; and upon consideration thereof, this court is of the opinion that there is no reversible error in the judgment of the trial court.

Our opinion is hereby incorporated in this judgment as if set out verbatim.

It is, therefore, ordered and adjudged by this court that the judgment of the trial court is AFFIRMED, and the case is remanded to the Criminal Court of Greene County for execution of the judgment of that court and for collection of costs accrued below.

It appears that the appellant is indigent. Costs of this appeal will be paid by the appellant.


          **PER CURIAM**

          John H. Peay, Judge
          Paul G. Summers, Judge
          Cornelia A. Clark, Special Judge