# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### JULY 1997 SESSION



**FILED**

July 23, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **CLARENCE WASHINGTON,** | ) | **C.C.A. No. 02C01-9507-CR-00181** |
| | ) | |
| Appellant, | ) | |
| | ) | **SHELBY COUNTY** |
| **VS.** | ) | |
| | ) | **HON. CAROLYN WADE** |
| | ) | **BLACKETT, JUDGE** |
| **STATE OF TENNESSEE,** | ) | |
| | ) | (Post-Conviction) |
| Appellee. | ) | |

FOR THE APPELLANT:

**R. PRICE HARRIS (at hearing)**
3074 East Street
Memphis, Tennessee 38128

**CLARENCE WASHINGTON (on appeal)**
*Pro Se*
Cold Creek Correctional Facility
P.O. Box 1000
Henning, Tennessee 38041

FOR THE APPELLEE:

**JOHN KNOX WALKUP**
Attorney General & Reporter

**SARAH M. BRANCH**
Assistant Attorney General
450 James Robertson Parkway
Nashville, Tennessee 37243-0493

**WILLIAM L. GIBBONS**
District Attorney General

**PAUL F. GOODMAN**
Assistant District Attorney General

**RHEA CLIFT**
Assistant District Attorney General
Criminal Justice Complex
201 Poplar, Ste. 301
Memphis, Tennessee 38103

OPINION FILED: _____

AFFIRMED- RULE 20

**JOE G. RILEY,**
**JUDGE**

**ORDER**


*Pro se* petitioner, Clarence Washington, appeals the denial of post-conviction relief. In May 1982, the petitioner was convicted of armed robbery and habitual criminality. He was sentenced to two (2) concurrent ten year terms of imprisonment. The petitioner's sentences were enhanced on the basis of seven (7) guilty pleas entered between 1971 and 1977. His original post-conviction petition was denied, and he appealed. This Court reversed and remanded for a new hearing. After an evidentiary hearing, the post-conviction court denied relief . We AFFIRM the judgment of the trial court pursuant to Rule 20 of this Court.


**CASE HISTORY**


This Court affirmed petitioner's convictions on direct appeal. Clarence Washington v. State, C.C.A. No. 23, Shelby County (Tenn. Crim. App. filed February 6, 1985, at Jackson) *perm. to appeal denied* (Tenn. 1985). In 1985, petitioner filed his original petition for post conviction relief. The trial court appointed counsel and held an evidentiary hearing. In denying relief, the trial court found the issues raised in the petition had been waived or previously determined. This Court subsequently reversed the original post-conviction court's denial of relief and remanded for a new evidentiary hearing to resolve 1) whether petitioner received effective assistance of counsel and 2) the validity of his 1970 guilty pleas. Clarence Washington v. State, C.C.A. No. 62, Shelby County (Tenn. Crim. App. filed July 26, 1989, at Jackson). Petitioner later amended the petition to include newly discovered evidence. After an evidentiary hearing, the trial court denied relief.

## STANDARD OF REVIEW

The trial judge's findings of fact on post-conviction hearings are conclusive on appeal unless the evidence preponderates otherwise. Butler v. State, 789 S.W.2d 898, 899-900 (Tenn. 1990); Adkins v. State, 911 S.W.2d 334, 354 (Tenn. Crim. App. 1995). The trial court's findings of fact are afforded the weight of a jury verdict, and this Court is bound by the trial court's findings unless the evidence in the record preponderates against those findings. Dixon v. State, 934 S.W.2d 69, 72 (Tenn. Crim. App. 1996). This Court may not reweigh or reevaluate the evidence, nor substitute its inferences for those drawn by the trial judge. Massey v. State, 929 S.W.2d 399, 403 (Tenn. Crim. App. 1996); Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990). Questions concerning the credibility of witnesses and the weight and value to be given to their testimony are resolved by the trial court, not this court. Black v. State, 794 S.W.2d at 755. The burden of establishing that the evidence preponderates otherwise is on petitioner. Id.

After receiving evidence at the post-conviction hearing, the trial judge took this case under advisement. Subsequently, the trial court filed extensive, written findings of fact and conclusions of law consisting of twenty-seven (27) pages. These extensive findings have greatly simplified our review and justify our Rule 20 disposition.

## I. Ineffective Assistance of Counsel

Petitioner claims that original trial counsel deprived him of effective assistance of counsel. Specifically, he argues that counsel failed to adequately (1) investigate, prepare, or present the "correct" facts in pre-trial motions; (2) challenge in-court identifications at the preliminary hearing; and (3) represent him at trial. The trial court in its written findings thoroughly reviewed the services rendered by counsel and found no evidence of deficient performance nor prejudice to petitioner as a result of their performance. The evidence does not preponderate against these findings.

Accordingly, this issue is without merit.

## II. Newly Discovered Evidence

Petitioner argues that he only recently received certain exculpatory police reports concerning the identification by witnesses. He argues these reports reveal that the witnesses reviewed the police mug books on the same date and time; therefore, this procedure was impermissibly suggestive and would have led to suppression of the identifications. He further contends the prior descriptions by the victim were inconsistent with their trial identification. The trial court conducted an extensive review of "hundreds of pages of documents" and found no new evidence which deprived petitioner of a fair trial.

The alleged recently discovered documents do appear to have the same date and time for each witness noted on the police reports. However, their statements clearly reflect different times, and the trial testimony indicates they viewed the photos separately. Furthermore, petitioner has made an insufficient showing that either the photo identification or the in-court identification would have been suppressed based upon this information. Likewise, there has been an insufficient showing that the result of the trial would have been any different based upon the prior description given by the witnesses. In summary, there is no showing that such evidence would likely have changed the results of the trial. See State v. Nichols, 877 S.W.2d 722 (Tenn. 1994), *cert. denied,* 513 U.S. 1114, 115 S.Ct. 909, 130 L.Ed.2d 791 (1995). This issue is without merit.

## III. Guilty Pleas

Petitioner argues his prior guilty plea convictions are void because he was not

advised of his right against self-incrimination. The transcripts indicate the court fully discussed the ramifications of entering the pleas with petitioner. The trial court made extensive written findings as to the various guilty pleas entered by petitioner. The trial court relied upon <u>Blankenship v. State</u>, 858 S.W.2d 897 (Tenn. 1993), and found that "the evidence and testimony offered establish overwhelmingly that there was, at the least, substantial compliance with the <u>Boykin</u> requirements." The record clearly supports this conclusion. This issue is without merit.

The judgement of the trial court is AFFIRMED pursuant to Rule 20 of this Court.

_____
JOE G. RILEY, JUDGE

CONCUR:

_____
JOE B. JONES, PRESIDING JUDGE

_____
DAVID H. WELLES, JUDGE

5