# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### NOVEMBER 1997 SESSION

FILED

December 31, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **REGINALD THOMPSON**, | ) | |
| | ) | **NO. 02C01-9611-CR-00380** |
| Appellant, | ) | |
| | ) | **SHELBY COUNTY** |
| **VS.** | ) | |
| | ) | **HON. JOSEPH B. DAILEY,** |
| **STATE OF TENNESSEE,** | ) | **JUDGE** |
| | ) | |
| Appellee. | ) | (Post-Conviction) |

**FOR THE APPELLANT:**

**HOWARD BRETT MANIS**
200 Jefferson Avenue
Suite 1313
Memphis, Tennessee 38103

**FOR THE APPELLEE:**

**JOHN KNOX WALKUP**
Attorney General and Reporter

**JANIS L. TURNER**
Assistant Attorney General
Cordell Hull Building - 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

**WILLIAM L. GIBBONS**
District Attorney General

**JAMES MORTON LAMMEY, JR.**
Assistant District Attorney General
201 Poplar Avenue
Suite 301
Memphis, Tennessee 38103

**OPINION FILED:** _____

**AFFIRMED**

**JOE G. RILEY,**
**JUDGE**

## OPINION

Appellant, Reginald Thompson, seeks review of the trial court's denial of his petition for post-conviction relief. Appellant pled guilty on September 8, 1994, to four (4) counts of aggravated robbery and one (1) count of attempted aggravated robbery in a negotiated plea agreement. He received ten (10) years on each of the four (4) counts of robbery, concurrent, and five (5) years on the count of attempted aggravated robbery, consecutive, for a total effective sentence of fifteen (15) years. The post-conviction petition, filed October 12, 1995,[1] alleged ineffective assistance of counsel and that counsel had misrepresented the total length of the sentence to be ten (10) years. Appellant also alleged that the plea was not freely, voluntarily, and intelligently entered, indicating that counsel coerced him to plead guilty to crimes he did not commit. The post-conviction court dismissed the petition after an evidentiary hearing. We affirm the judgment of the trial court.

## APPELLANT'S ALLEGATIONS

At the evidentiary hearing, the appellant testified that trial counsel had not explained the rights he was waiving by entering a guilty plea; that trial counsel never met with him to discuss his case; and that trial counsel had told him that he would only be receiving a total of ten (10) years incarceration when, in fact, appellant received fifteen (15) years. A review of the guilty plea transcript reveals that the trial court took great pains to assure that the appellant understood his sentence to be fifteen (15) years and that the plea was intelligently and voluntarily made. Appellant acknowledged at his guilty plea hearing that the plea agreement was in his best interest even though he felt he was wrongly charged in one of the indictments.

---

[1]Because the petition was filed after May 10, 1995, the Post-Conviction Procedures Act of 1995 controls.

Appellant testified at the post-conviction hearing that he did not know what rights he was waiving by pleading guilty. A review of the guilty plea hearing once again reveals the trial court's emphasis on the rights appellant was waiving by pleading guilty.

Appellant testified at the post-conviction hearing that his confession to the investigating officers had been involuntary; however, at the guilty plea hearing, he admitted to driving the getaway car and knowing the other parties had just committed a robbery while he waited. The trial court then explained the concept of criminal responsibility, and appellant said he understood.

The guilty plea hearing further shows that appellant had discussed his case with his counsel prior to pleading guilty. The appellant testified at his guilty plea that he had indeed discussed his case with his lawyer and was satisfied with the extent of their discussions.

Appellant's former attorney testified at the post-conviction hearing that he discussed the case with appellant and appellant's mother on several occasions. He thoroughly explained to appellant that the total effective sentence was fifteen (15) years, and appellant understood. In essence, he refuted all the material claims made by appellant.

The trial court found that appellant fully understood the terms of the plea agreement, freely and voluntarily entered the plea of guilty and received effective assistance of counsel. Based upon these findings, the trial court dismissed the petition.

## POST-CONVICTION STANDARDS FOR REVIEW

The trial judge's findings of fact at post-conviction hearings are conclusive on appeal unless the evidence preponderates otherwise. Butler v. State, 789 S.W.2d 898, 899-900 (Tenn. 1990); Adkins v. State, 911 S.W.2d 334, 354 (Tenn. Crim. App. 1995). The trial court's findings of fact are afforded the weight of a jury verdict, and this Court is bound by the trial court's findings unless the evidence in the record

3

preponderates against those findings. Dixon v. State, 934 S.W.2d 69, 72 (Tenn. Crim. App. 1996). This Court may not reweigh or reevaluate the evidence, nor substitute its inferences for those drawn by the trial judge. Massey v. State, 929 S.W.2d 399, 403 (Tenn. Crim. App. 1996); Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990). Questions concerning the credibility of witnesses and the weight and value to be given to their testimony are resolved by the trial court, not this court. Black v. State, 794 S.W.2d at 755. The burden of establishing that the evidence preponderates otherwise is on petitioner. Id.

## INEFFECTIVE ASSISTANCE OF COUNSEL

This Court reviews a claim of ineffective assistance of counsel under the standards of Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975), and Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The petitioner has the burden to prove that (1) the attorney's performance was deficient, and (2) the deficient performance resulted in prejudice to the defendant so as to deprive him of a fair trial. Strickland v. Washington, 466 U.S. at 687, 104 S.Ct. at 2064; Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996); Overton v. State, 874 S.W.2d 6, 11 (Tenn. 1994); Butler v. State, 789 S.W.2d at 899.

## INEFFECTIVE ASSISTANCE OF COUNSEL AT GUILTY PLEA

In Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L. Ed. 2d 203 (1985), the Supreme Court applied the two-part Strickland standard to ineffective assistance of counsel claims arising out of a guilty plea. The Court in Hill modified the prejudice requirement by requiring a defendant to show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. Id. at 59.

4

## BURDEN OF PROOF

The burden on the post-conviction petitioner is to prove the allegations by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f). The post-conviction court found that the petition was not well taken and denied relief. The evidence does not preponderate against the findings of the trial court. Appellant has not met his burden of proof.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court.

_____

**JOE G. RILEY, JUDGE**

**CONCUR:**

_____

**GARY R. WADE, JUDGE**

**DAVID G. HAYES, JUDGE**