## IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### JULY 1999 SESSION



**FILED**

October 13, 1999

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **WILLIAM H. HORTON,** | * | C.C.A. # 01C01-9704-CR-00132 |
| Appellant, | * | DAVIDSON COUNTY |
| VS. | * | Honorable Seth Norman, Judge |
| **STATE OF TENNESSEE,** | * | (Post-Conviction Relief Denied) |
| Appellee. | * | |

FOR THE APPELLANT:

MICHAEL J. FLANAGAN
95 White Bridge Road, Suite 208
Nashville, TN 37205

FOR THE APPELLEE:

PAUL G. SUMMERS
Attorney General & Reporter

ELIZABETH T. RYAN
425 Fifth Avenue North
Nashville, TN 37243

VICTOR S. (TORRY) JOHNSON III
District Attorney General

JOHN C. ZIMMERMAN
Assistant District Attorney
Washington Square
222 Second Avenue North
Nashville, TN 37201

OPINION FILED: _____

**AFFIRMED**

**JOHN EVERETT WILLIAMS,**
Judge

# OPINION

The petitioner, William H. Horton, appeals the trial court's denial of his petition for post-conviction relief. The petitioner contends that he received ineffective assistance of counsel at trial and on direct appeal, as well as prosecutorial misconduct. After careful review, we AFFIRM the judgment of the trial court.

### *Procedural History*

On November 10, 1992, a Davidson County jury convicted the petitioner of possession for resale of over 26 grams of cocaine. He was sentenced to the Department of Correction for 21 years as a Range III persistent offender. His direct appeal from that conviction and sentence was affirmed. <u>See</u> <u>State v. William Howard Horton</u>, Davidson County, No. 01C01-9312-CR-00435 (Tenn. Crim. App., filed October 6, 1994), app. perm. appeal denied January 30, 1995. On August 4, 1995, the petitioner filed this pro se petition. After appointment of counsel, an amended uncounseled petition, two judge's recusals, and two hearings, the final order from which this appeal is taken was entered September 9, 1998.

## BACKGROUND

Dennis Hughes represented the petitioner on the charges which are the basis of this appeal. The post-conviction court considered all pleadings filed by petitioner's counsel, the trial transcript with the exhibits, the transcript from the January 24, 1996 post-conviction evidentiary hearing, and the testimony presented on September 9, 1998, in reaching its judgment. The witnesses testifying at both hearings were the petitioner; Dennis Hughes, the petitioner's attorney; John Zimmerman, prosecuting attorney; and Terry J. Canady, appointed counsel for petitioner's direct appeal. In its judgment, the trial court made several pertinent findings:

1. Dennis Hughes was retained counsel for the petitioner at all times pertinent to the issue of ineffective assistance of counsel, both at trial and on appeal.

2. The state offered the defendant an offer of an eight (8) year sentence if the defendant would plead guilty on the first settlement day prior to trial.

3. That offer could not be accepted by the defendant because he had voluntarily left the courthouse.

4. The petitioner did not wish to accept any offer made by the state and wished to force the state to try him.

5. The petitioner apparently had some belief that the informant necessary to the state's case would not show up for trial.

6. The petitioner's trial counsel did everything he could to see that the petitioner received the most favorable plea bargain arrangement, yet he did not get the cooperation necessary from his client.

7. The petitioner was well aware of the plea bargain offer, possibly even prior to leaving the courthouse when it was originally made, but regardless of whether the defendant was aware of the offer prior to leaving the courthouse, the record is clear that the petitioner was well aware of the offer and of subsequent offers and rejected all of them.

**ANALYSIS**

The trial judge's findings of fact on post-conviction hearings are conclusive on appeal unless the evidence preponderates otherwise. See Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990); Adkins v. State, 911 S.W.2d 334, 341 (Tenn. Crim. App. 1995). The trial court's findings of fact are afforded the weight of a jury verdict, and this Court is bound by the trial court's findings unless the evidence in the record preponderates against those findings. See Henley v. State, 960 S.W.2d 572, 578 (Tenn. 1997); Alley v. State, 958 S.W.2d 138, 147 (Tenn. Crim. App. 1997); Dixon v. State, 934 S.W.2d 69, 72 (Tenn. Crim. App. 1996). This Court may not reweigh or reevaluate the evidence, nor substitute its inferences for those drawn by the trial judge. See Henley, 960 S.W.2d at 578-79; Massey v. State, 929 S.W.2d 399, 403 (Tenn. Crim. App. 1996); Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990). Questions concerning the

credibility of witnesses and the weight and value to be given to their testimony are resolved by the trial court, not this Court. See Henley, 960 S.W.2d at 579; Black, 794 S.W.2d at 755. The burden of establishing that the evidence preponderates otherwise is on the petitioner. See Henley, 960 S.W.2d at 579; Black, 794 S.W.2d at 755.

Having reviewed the record, we conclude that the evidence does not preponderate against the findings of the trial court. The trial court's findings are consistent with the testimony of Dennis Hughes and the prosecuting attorney. The petitioner has failed to demonstrate otherwise. Therefore, we deny the petitioner's claims of ineffective assistance and prosecutorial misconduct.

**CONCLUSION**

Accordingly, we AFFIRM the trial court's order denying post-conviction relief.

_____
JOHN EVERETT WILLIAMS, Judge

CONCUR:


_____
JOSEPH M. TIPTON, Judge



_____
JAMES CURWOOD WITT, JR., Judge