IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 17, 2000

## STATE OF TENNESSEE v. MATAU GOINS

**Direct Appeal from the Circuit Court for Hawkins County**
**No. 7541     James E. Beckner, Judge**

**No. E2000-01159-CCA-R3-PC**
**January 2, 2001**

The petitioner filed a petition for post-conviction relief alleging ineffective assistance of counsel. Specifically, the petitioner alleges that when his attorney informed him that a particular witness was going to testify against him he was scared into pleading guilty. We agree with the post-conviction court's findings that the plea was voluntarily, understandably, and intelligently made. We affirm the post-conviction court's dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID H. WELLES, J., and WILLIAM B. ACREE, SP. J. , joined.

Scott A. Hodge, Morristown, Tennessee, for the appellant, Matau Goins.

Paul G. Summers, Attorney General and Reporter; Clinton J. Morgan, Counsel for the State; C. Berkeley Bell, Jr., District Attorney General; and Michelle Gillen Green and John Douglas Godbee, Assistant District Attorneys, for the appellee, State of Tennessee.

## OPINION

The petitioner, Matau Goins, filed a petition for post-conviction relief, alleging that he received ineffective assistance of counsel because he was scared into involuntarily entering into a guilty plea without understanding the nature and consequences of the plea. Following an evidentiary hearing, the post-conviction court denied the petition. Petitioner appeals from the denial of his petition.

### Facts

On February 8, 1999, petitioner waived formal arraignment and pled guilty to one count of Possession with Intent to Sell one-half (½) gram or more of a Schedule II controlled substance

(cocaine), a Class B felony; one count of Possession of Drug Paraphernalia, a Class A misdemeanor; and one count of Resisting Arrest, a Class B misdemeanor.

The petitioner was sentenced pursuant to a negotiated plea agreement. For the Class B felony, he was sentenced to the Department of Correction for twelve years as a Range II multiple offender and was fined $2000. For the Class A misdemeanor, he was sentenced to the county jail for eleven months and twenty-nine days with 35% release eligibility and was fined $750. For the Class B misdemeanor, he was sentenced to the county jail for six months with 35% release eligibility and no fine. All sentences were to run concurrent with each other. However, the Class B felony was to run consecutive to a nine-year sentence from Hamblen County, Tennessee, case numbers 96-318 and 97-098.

### Post-Conviction Hearing

The post-conviction court held an evidentiary hearing on February 25, 2000. The petitioner and his wife testified at this hearing. The State called the petitioner's former counsel as its only witness.

The petitioner's wife testified that she was the only one present on the morning of the police raid. Her husband arrived later. She said she never saw any drugs. She said that Mr. Boo Ewing told her the drugs were his and her husband knew nothing about them.

The petitioner testified he had been with Boo Ewing from about 11:30 a.m. to 3:00 a.m. before they arrived at his house together. He said that approximately a mile from his apartment he saw a blue van he thought was the police. He asked Mr. Ewing if he had anything on him, meaning drugs or guns. Mr. Ewing said no. As soon as the petitioner entered his apartment, the police arrested him. He never saw any of the drugs the police said they found. He said he was scared into the plea because Mr. Ewing was going to testify against him. He said his attorney went over his options and it was his attorney who advised him that Mr. Ewing was going to testify against him. The petitioner denies any knowledge about the drugs.

The petitioner's trial counsel testified that he began his practice in 1965 and has done a lot of criminal work. Counsel said he investigated the matter, talked to witnesses, had an open file discussion with the prosecutor and the officer, filed motions, and had a suppression hearing. Counsel introduced, as Exhibit No. 1, the petitioner's instructions to him regarding the proposed plea agreement. Counsel said the petitioner was already a convicted felon and was subject to Range II punishment. He said in his opinion that the certainty of guilt of the petitioner was a tremendous possibility.

### Analysis

The trial judge's findings of fact on post-conviction hearings are conclusive on appeal unless the evidence preponderates otherwise. See Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990);

Adkins v. State, 911 S.W.2d 334, 341 (Tenn. Crim. App. 1995). The trial court's findings of fact are afforded the weight of a jury verdict, and this Court is bound by the trial court's findings unless the evidence in the record preponderates against those findings. See Henley v. State, 960 S.W.2d 572, 578 (Tenn. 1997); Alley v. State, 958 S.W.2d 138, 147 (Tenn. Crim. App. 1997); Dixon v. State, 934 S.W.2d 69, 72 (Tenn. Crim. App. 1996). This Court may not reweigh or reevaluate the evidence, nor substitute its inferences for those drawn by the trial judge. See Henley, 960 S.W.2d at 578-79; Massey v. State, 929 S.W.2d 399, 403 (Tenn. Crim. App. 1996); Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990). Questions concerning the credibility of witnesses and the weight and value to be given to their testimony are resolved by the trial court, not this Court. See Henley, 960 S.W.2d at 579; Black, 794 S.W.2d at 755. The burden of establishing that the evidence preponderates otherwise is on the petitioner. Henley, 960 S.W.2d at 579; Black, 794 S.W.2d at 755.

### Post-Conviction Findings

Following the post-conviction hearing, the court filed a seven page order detailing its findings of fact. Although post-conviction counsel announced withdrawal of the claims of an involuntary plea, the post-conviction court fully considered it in its findings. The order dismissing the petition was very clear in its finding and very helpful in our review. The petitioner alleged that (1) his plea was involuntary, and (2) that he was scared into pleading guilty by his counsel. The post-conviction court's dismissal of these claims turned primarily on the petitioner's credibility. In the end the post-conviction court found that "the plea was voluntarily, understandably, and intelligently made, and that the petitioner, in all aspects, received effective assistance of counsel, if not superior assistance of counsel under all the guidelines beginning with Baxter v. Rose and all the other cases that have defined effective or ineffective assistance of counsel since then."

### CONCLUSION

We conclude that the petitioner failed to carry his burden of proving that the evidence presented at the post-conviction hearing preponderates against the post-conviction court's finding. Accordingly, we affirm the post-conviction court's dismissal of the petition.

_____
JOHN EVERETT WILLIAMS, JUDGE

-3-