IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 11, 2001

## JEFFREY LYNN ANDERSON v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Dyer County**
**Nos. C99-2, C99-3, C99-4     J. Steven Stafford, Judge**

---

**No. W2000-01782-CCA-R3-PC  - Filed April 27, 2001**

---

The petitioner originally pled guilty to felony reckless endangerment, evading arrest in a motor vehicle, and two counts of theft over $1,000. The petitioner sought post-conviction relief, which was denied by the post-conviction court. In this appeal, the petitioner contends his trial counsel provided ineffective assistance of counsel. After a thorough review of the record, we conclude that the post-conviction court correctly denied post-conviction relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROBERT W. WEDEMEYER, JJ., joined.

Danny H. Goodman, Jr., Dyersburg, Tennessee, for the appellant, Jeffrey Lynn Anderson.

Paul G. Summers, Attorney General and Reporter; Kim R. Helper, Assistant Attorney General; and C. Phillip Bivens, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

This is an appeal from the denial of post-conviction relief. The petitioner originally pled guilty on April 23, 1999, to felony reckless endangerment, evading arrest in a motor vehicle, and two counts of theft over $1,000.[1] He also agreed to a revocation of probation on other cases. In all, he received an agreed effective sentence of seven years. The petitioner appeals the denial of post-conviction relief, claiming that his trial counsel provided ineffective assistance of counsel. We affirm the judgment of the post-conviction court.

---

[1]The petitioner's name is spelled "Jeffrey" in some pleadings and "Jeffery" in others.

# FACTS

At the post-conviction hearing, the petitioner testified that he was a paranoid schizophrenic when he pled guilty to these crimes. He further testified that while awaiting trial in jail, he attempted suicide. The petitioner conceded that he received a mental evaluation from Pathways Healthcare in October 1998, but asserted that trial counsel should have secured another mental evaluation. Furthermore, the petitioner stated he could not understand the plea offer because of his schizophrenic mental condition.

The record reveals that subsequent to the October 1998 mental evaluation, the trial court ordered a thirty-day inpatient mental evaluation. *See* Tenn. Code Ann. § 33-7-301(a). However, the Department of Mental Health, pursuant to the statute, declined to conduct an inpatient evaluation since the October 1998 evaluation did not recommend an inpatient evaluation. *See id.* Thus, a further mental evaluation was not performed.

Jim Horner, the District Public Defender, testified that the defendant received a mental evaluation from Pathways in October 1998, which found the defendant was competent to stand trial and that the insanity defense was unsupportable. Horner further testified that he discussed available options with the defendant, and he recommended that the defendant accept the plea offer of an effective seven-year sentence as a Range I offender, which was the minimum sentence for which the defendant was eligible if properly sentenced as a Range II offender. Horner stated that he did not further seek an inpatient mental evaluation after it was denied and lacked knowledge that the defendant's suicide attempt occurred after his mental evaluation by Pathways. It was Horner's further opinion that the petitioner could offer no viable defense to the charges, and that he should accept the plea offer.

Tod Taylor, the Assistant District Public Defender, testified that he personally met with the defendant at least three times to discuss his case. Taylor did not recall whether the defendant informed him of his suicide attempt. However, Taylor asserted that the defendant pled guilty voluntarily.

# INEFFECTIVE ASSISTANCE OF COUNSEL

## A. Standard of Review

The court reviews a claim of ineffective assistance of counsel according to the standards of Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975), and Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The appellant has the burden to prove that (1) the attorney's performance was deficient, and (2) the deficient performance resulted in prejudice to the petitioner so as to deprive him of a fair trial. Strickland v. Washington, 466 U.S. at 687, 104 S.Ct. at 2064; Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996).

## B. Analysis

The defendant asserts that his trial attorneys were ineffective because they failed to obtain an inpatient mental evaluation, as was ordered by the court, and they allowed the defendant to plead guilty despite his mental condition. We respectfully disagree.

The post-conviction court entered extensive findings of fact. The post-conviction court noted that following the October 1998 mental evaluation, Pathways submitted a letter stating the defendant was competent to stand trial and that an insanity defense could not be supported. The court further found that there was no basis for granting an additional evaluation, even if the defendant had requested one. Additionally, the post-conviction court found that the petitioner failed to establish that he was incompetent at the time of the plea. Accordingly, the post-conviction court found that the petitioner did not establish that his trial attorneys were deficient, and further failed to establish any prejudice.

The trial judge's findings of fact on post-conviction hearings are conclusive on appeal unless the evidence preponderates otherwise. State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). The trial court's findings of fact are afforded the weight of a jury verdict, and this Court is bound by the trial court's findings unless the evidence in the record preponderates against those findings. Henley v. State, 960 S.W.2d 572, 578 (Tenn. 1997); Alley v. State, 958 S.W.2d 138, 147 (Tenn. Crim. App. 1997). This Court may not reweigh or reevaluate the evidence, nor substitute its inferences for those drawn by the trial judge. Henley, 960 S.W.2d at 578-79; Massey v. State, 929 S.W.2d 399, 403 (Tenn. Crim. App. 1996). Questions concerning the credibility of witnesses and the weight and value to be given to their testimony are resolved by the trial court, not this court. Burns, 6 S.W.3d at 461. The burden of establishing that the evidence preponderates otherwise is on petitioner. Henley, 960 S.W.2d at 579.

In this case, the evidence fully supports the findings of the post-conviction court. Petitioner has failed to establish deficient performance of trial counsel and has failed to establish prejudice as a result of their performance. Thus, this issue is without merit.

## VOLUNTARY PLEA

Although not specifically argued on appeal, petitioner contended at his post-conviction hearing that his guilty plea was involuntary. The post-conviction court found no evidence of incompetency, and the record supports this conclusion. Furthermore, our examination of the guilty plea proceeding reveals that the trial court meticulously advised the petitioner of his constitutional rights and insured that the plea was voluntary. The petitioner offered no evidence at the post-conviction hearing, other than his blind assertion, to contradict the presumption that his plea was voluntarily entered. The petitioner is not entitled to relief on this basis.

## CONCLUSION

We conclude that the petitioner has failed to demonstrate that he received ineffective assistance of counsel, or that his guilty plea was involuntarily entered. Accordingly, the judgment of the trial court is affirmed.

_____
JOE G. RILEY, JUDGE