# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### NOVEMBER SESSION, 1999

FILED

January 4, 2000

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **JEFFREY SCOTT MILES,** | * | |
| | * | **No. 03C01-9903-CR-00103** |
| **Appellant,** | * | |
| | * | **CUMBERLAND COUNTY** |
| **vs.** | * | |
| | * | **Hon. LEON BURNS, JR., Judge** |
| **STATE OF TENNESSEE,** | * | |
| | * | (**Writ of Error Coram Nobis**) |
| **Appellee.** | * | |

For the Appellant:

**Jeffrey Scott Miles,** *Pro Se*
NECX CCA Caller #1
Roan Mountain, TN  37687

For the Appellee:

**Paul G. Summers**
Attorney General and Reporter

**Patricia C. Kussmann**
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
2d Floor, Cordell Hull Building
Nashville, TN 37243-0493

**William Edward Gibson**
District Attorney General

**David Patterson**
Asst. District Attorney General
145 S. Jefferson Avenue
Cookeville, TN  38501

OPINION FILED: _____

AFFIRMED

**David G. Hayes,** Judge

**OPINION**

The appellant, Jeffrey Scott Miles, appeals from the trial court's denial of the *writ of error coram nobis.* Proceeding *pro se,* the appellant seeks issuance of the writ in order to correct errors from the judgment of the trial court revoking his probation and remanding him to the custody of the Department of Correction.

After review of the record, we affirm the denial of the issuance of a *writ of error coram nobis.*

**Background**

In June of 1997, the appellant pled guilty to aggravated assault and received a split confinement sentence of four years with thirty days to be served in the jail. Shortly after his release from the jail and while on probation, the appellant was again charged with violation of an order of protection, aggravated assault and reckless endangerment.[1] Based upon these new charges, a probation violation warrant was obtained charging violation of "Rule #1," failure to obey the law.

The trial court conducted a revocation hearing on September 26, 1997. Based upon the testimony of the victim and a witness the trial court found the proof established a violation of "Rule #1" and ordered revocation of the appellant's suspended sentence. In view of the appellant's incarceration in the Department of Correction, the three pending charges against the appellant were subsequently dismissed by the State.

On September 30, 1998, the appellant filed a *pro se* petition for *writ of error*

---

[1]The victim of the appellant's assault was his girlfriend, Tammy Nelson. The first aggravated assault resulted in broken bones to her face that had to be wired back into place. The assault leading to the probation revocation stemmed from the appellant's action in dragging the victim approximately twenty feet with his vehicle.

*coram nobis* relief. In the petition, the appellant alleged (1) he "has never had the opportunity to defend himself from the falsity of the new charges for which his probation was revoked and incarcerated;" (2) newly discovered evidence in that he learned that the day after the incident Tammy Nelson was overheard by the appellant's mother telling a representative of the District Attorney's Office that she did not want the appellant to go to prison over this incident; and (3) "no preliminary hearing . . . of the new charges were ever had by the [appellant]." As such, the appellant seeks a new hearing on his violation of probation warrant.

**Analysis**

A *writ of error coram nobis*, an exceedingly narrow remedy, will lie for subsequently or newly discovered evidence only if the petition relates (1) the grounds and the nature of the newly discovered evidence; (2) why the admissibility of the newly discovered evidence may have resulted in a different judgment had the evidence been admitted at the previous trial; (3) the petitioner was without fault in failing to present the newly discovered evidence at the appropriate time; and (4) the relief sought by the appellant. State v. Hart, 911 S.W.2d 371, 374-375 (Tenn. Crim. App.), perm. to appeal denied, (Tenn. 1995). Moreover, the decision to grant or deny a petition for the *writ of error coram nobis* on the ground of newly discovered evidence rests within the sound discretion of the trial court. Hart, 911 S.W.2d at 375.

In his petition, the appellant asserts as newly discovered evidence (1) that he was never convicted of the charges leading to his revocation; and (2) that his mother would testify that on the day after the incident she overheard Tammy Nelson telling the District Attorney's Officer that she did not want the appellant to go to prison over this incident. Initially, we note that the appellant has failed to specifically encompass these allegations in his appellate brief. Thus, normally, these issues

3

would be waived.  See  Tenn. R. App. P. 27(a)(7).  Nonetheless, in consideration of the *pro se* posture of this appeal and because these allegations are tangentially connected to his assertion that his probation was revoked absent proof of his guilt, we proceed to address both of these claims.

First, the appellant has offered no factual reason as to why he was without fault in failing to present his mother's testimony at the time of the revocation hearing. Hart, 911 S.W.2d at 374-375.  We fail to find such testimony from the appellant's mother, who testified at the revocation hearing, "newly discovered."  Even if this evidence was "newly discovered," the testimony of his mother constitutes hearsay evidence, not legal evidence.  See  James E. Newsome v. State, No. 01C01-9710-CR-00459 (Tenn. Crim. App. at Nashville, Sept. 30, 1998), perm. to appeal denied, (Tenn. Apr. 19, 1999).  Moreover,  there is no indication that the admission of this testimony would have resulted in a different judgment.  See  Hart, 911 S.W.2d at 374-375.  Thus, the allegation is without merit.

Additionally, the fact that the appellant was never convicted of the charges leading to his revocation is irrelevant to the trial court's decision.  First, the State is not required, in a revocation hearing, to prove the appellant's guilt of the offenses forming the basis of the revocation beyond a reasonable doubt.  See  State v. Gregory, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997).  Although a mere accusation is not sufficient to justify revoking probation,  the State need only prove by a preponderance of the evidence that the appellant violated the terms of his probation by failing to obey the laws of the state.  See  Tenn. Code Ann. § 40-35-311(e) (1998 Supp.).  Accordingly, the appellant's allegation that his due process rights were violated because the State failed to prove his guilt of the new charges is without merit.

4

Finally, the appellant contends that the failure of the court to hold a preliminary hearing prior to revoking his probationary status violated his due process rights. This claim, as it alleges constitutional due process error, does not qualify for relief in the form of a *writ of error coram nobis*. Additionally, although this claim is cognizable in a post-conviction petition, see Tenn. Code Ann. § 40-30-203 (1997), this court has previously held that Tennessee's statutorily mandated proceedings "more than comply with the mere minimal requirements stated in . . . Gagnon." See Massey v. State, 929 S.W.2d 399, 401-402 (Tenn. Crim. App. 1996); see also State v. Samuel Kimoe Robinson, No. 01C01-9803-CC-00153 (Tenn. Crim. App. at Nashville, Mar. 31, 1999), perm. to appeal denied, (Tenn. Jun. 28, 1999). This claim of error is without merit.

The order of the trial court denying the appellant the relief requested is affirmed.

_____
DAVID G. HAYES, Judge

CONCUR:

_____
ALAN E. GLENN, Judge

_____
JOE H. WALKER, III, Special Judge

5