## IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

### AT NASHVILLE

### JANUARY 1997 SESSION

FILED

February 24, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| CHAD SWATZELL, | ) | |
| | ) | NO. 01C01-9604-CC-00154 |
| Appellant, | ) | |
| | ) | WILLIAMSON COUNTY |
| VS. | ) | |
| | ) | HON. HENRY DENMARK BELL, |
| STATE OF TENNESSEE, | ) | JUDGE |
| | ) | |
| Appellee. | ) | (Post-Conviction) |

**FOR THE APPELLANT:**

**JOHN H. HENDERSON**
District Public Defender

**C. DIANE CROSIER**
Assistant District Public Defender
407C Main Street
P.O. Box 68
Franklin, TN 37065-0068

**FOR THE APPELLEE:**

**JOHN KNOX WALKUP**
Attorney General and Reporter

**SUSAN ROSEN**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN  37243-0493

**JOSEPH D. BAUGH, JR.**
District Attorney General
Williamson County Courthouse
Suite G-6
P.O. Box 937
Franklin, TN 37065-0937

**OPINION FILED:** _____

**AFFIRMED**

**JERRY L. SMITH,**
**JUDGE**

**OPINION**

The petitioner, Chad Swatzell, appeals the dismissal of his petition for post-conviction relief filed in the Circuit Court of Williamson County. The petitioner filed a petition for post-conviction relief based upon ineffective assistance of counsel. The trial court dismissed the petition after a hearing. The judgment of the trial court is affirmed.

## I.

The petitioner was convicted by a jury of first degree murder, aggravated assault with the intent to commit armed robbery, and second degree burglary while in possession of a firearm. He was sentenced to an effective life term as a Range I Standard Offender. The petitioner sought post-conviction relief alleging ineffective assistance of counsel. Specifically, he alleges trial counsel failed to: (1) move to suppress petitioner's confession, (2) relay any plea offers from the prosecution, and (3) properly investigate charges against the petitioner. An evidentiary hearing was held, after which the court dismissed the petition, finding petitioner's trial counsel exceeded minimum constitutional levels of performance.

## II.

The trial judge's findings of fact on post-conviction hearings are conclusive on appeal unless the evidence preponderates otherwise. Butler v. State, 789 S.W.2d 898, 899-900 (Tenn. 1990); Adkins v. State, 911 S.W.2d 334, 354 (Tenn. Crim. App. 1995). The trial court's findings of fact are afforded the weight of a jury verdict, and this Court is bound by the trial court's findings unless the evidence in the record preponderates against those findings. Dixon v. State, 934 S.W.2d 69, 72 (Tenn. Crim. App. 1996). This Court may not reweigh or reevaluate the evidence, nor substitute its inferences for those drawn by the trial

2

judge. Massey v. State, 929 S.W.2d 399, 403 (Tenn. Crim. App. 1996); Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990). Questions concerning the credibility of witnesses and the weight and value to be given to their testimony are resolved by the trial court, not this court. Black v. State, 794 S.W.2d at 755. The burden of establishing that the evidence preponderates otherwise is on petitioner. Id.

## III.

This Court reviews a claim of ineffective assistance of counsel under the standards of Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975), and Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The petitioner has the burden to prove that (1) the attorney's performance was deficient, and (2) the deficient performance resulted in prejudice to the defendant so as to deprive him of a fair trial. Strickland v. Washington, 466 U.S. at 687, 104 S.Ct. at 2064; Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996); Overton v. State, 874 S.W.2d 6, 11 (Tenn. 1994); Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990).

The test in Tennessee for determining whether counsel provided effective assistance is whether the performance was within the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d at 936. The petitioner must overcome the presumption that counsel's conduct falls within the wide range of acceptable professional assistance. Strickland v. Washington, 466 U.S. at 689, 104 S.Ct. at 2065; State v. Williams, 929 S.W.2d 385, 389 (Tenn. Crim. App. 1996). Therefore, in order to prove a deficiency, a petitioner must show that counsel's acts or omissions were so serious as to fall below an objective standard of reasonableness under prevailing professional norms. Strickland v. Washington, 466 U.S. at 688, 104 S.Ct. at 2065; Goad v. State, 938 S.W.2d at 369.

In reviewing counsel's conduct, a "fair assessment . . . requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland v. Washington, 466 U.S. at 689, 104 S. Ct. at 2065. The fact that a particular strategy or tactic failed or hurt the defense, does not, standing alone, establish unreasonable representation. However, deference to matters of strategy and tactical choices applies only if the choices are informed ones based upon adequate preparation. Goad v. State, 938 S.W.2d at 369; Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982); Cooper v. State, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

## IV.

Petitioner's parents initially retained Kentucky attorney, Marc A. Wells, to represent their son. Because of her experience in criminal law, Mr. Wells subsequently associated Tennessee attorney, Virginia Story. Mr. Wells remained as co-counsel, assisting Ms. Story in the preparation of petitioner's defense.

### A. Motion To Suppress

At the evidentiary hearing, Ms. Story testified that she did not file a motion to suppress the petitioner's statement to police because she did not believe it to be legally sustainable. The record shows the petitioner was read his Miranda rights in the presence of his parents before being questioned. See Miranda v. Arizona, 384 U.S. 436, 86 S.Ct 1602, 16 L.Ed.2d 694 (1966). The petitioner and his parents were informed several times during the questioning that they could request counsel at any time and questioning would cease until counsel arrived. The record also shows the petitioner and his parents were asked if they understood these rights, to which they responded affirmatively. After the petitioner gave his statement, he and his parents reviewed and signed it. Ms.

4

Story stated that after making an investigation of these facts, she believed the petitioner's only viable defense to be an insanity plea.

### B. Plea Offers

Ms. Story further testified that she did not recall any plea agreements being offered by the District Attorney General's office. There was no testimony offered by the petitioner to show that such an offer was ever made. The only mention of a plea agreement by anyone involved came from the petitioner's mother. She stated Ms. Story briefly talked to them about plea negotiations, but suggested that an insanity plea was a better defense. The trial court found there was no evidence that any settlement offers were ever made by the state.

### C. Pre-trial Investigation

The petitioner claims that counsel was ineffective in failing to properly investigate his case. Although counsel may not have thoroughly investigated the crime scene, she concluded that it was not necessary given the circumstances of this particular case (i.e., petitioner's voluntary confession). Furthermore, there has been no showing as to what a further investigation would have revealed; thus, there has been no showing of prejudice. Counsel further testified that she interviewed all possible witnesses in this case including all police officers, the autopsy specialist, the psychiatrist, the psychologist, and several character witnesses.

### D. Trial Court Findings

In its order denying the post-conviction petition, the trial court found the petitioner's counsel substantially exceeded the constitutional standard of effective assistance. "[T]he Court is satisfied that defense counsel were thoroughly prepared both with respect to anticipating the state's evidence, understanding the law applicable and the presentation of the evidence for the defendant." The evidence does not preponderate against these findings.

5

**V.**

Petitioner's counsel was presented with a difficult factual scenario. The defense, although ultimately unsuccessful, was found by the trial court to be a tactical decision based upon an informed opinion. We find the evidence does not preponderate against the findings of the trial court. Accordingly, the judgment of the trial court is AFFIRMED.

_____
**JERRY L. SMITH, JUDGE**


**CONCUR:**


_____
**JOHN H. PEAY, JUDGE**


_____
**JOE G. RILEY, JUDGE**