# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### APRIL 1998 SESSION



June 22, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | |
| Appellee, | ) | C.C.A. No. 03C01-9707-CC-00271 |
| | ) | |
| vs. | ) | Blount County |
| | ) | |
| **REGINA ANN OWEN,** | ) | Hon. D. Kelly Thomas, Jr., Judge |
| | ) | |
| Appellant. | ) | (Probation Revocation) |

FOR THE APPELLANT:

**MACK GARNER** (on appeal)
District Public Defender

**NATALEE S. HURLEY** (at hearing)
Assistant Dist. Public Defender
419 High St.
Maryville, TN  37804

FOR THE APPELLEE:

**JOHN KNOX WALKUP**
Attorney General & Reporter

**CLINTON J. MORGAN**
Asst. Attorney General
425 Fifth Ave. North
2d Floor, Cordell Hull Bldg.
Nashville, TN  37243-0493

**MICHAEL L. FLYNN**
District Attorney General

**EDWARD BAILEY**
Asst. District Attorney General
363 Court St.
Maryville, TN  37804

OPINION FILED:_____

**AFFIRMED AS MODIFIED**

**CURWOOD WITT, JUDGE**

**OPINION**

The defendant, Regina Ann Owen,[1] appeals from the revocation of her probationary sentence. She was convicted upon her guilty plea of attempting to obtain a controlled substance by fraud, a Class D felony. She was sentenced to serve one year on probation and ordered to pay court costs and probation fees. After the one year had expired and the defendant had not paid all of her costs, the court signed an agreed order extending probation for an additional year. Thereafter, the defendant's probation officer filed a violation report alleging the defendant had violated her probation by being convicted of a misdemeanor, using illegal drugs, being in arrears on probation fees, and not making payments on the court costs. Following a hearing at which the defendant was represented by counsel, the court revoked the defendant's probationary status and ordered her to serve a minimum of 30 days in the county jail, after which time she could obtain her freedom by payment in full of court costs and probation fees and would have fully satisfied her sentence. The defendant appeals from this adverse order, claiming the trial court abused its discretion in (1) revoking her probationary status and (2) requiring her to pay the costs and fees in order to obtain release despite her indigent status. On review, we affirm the revocation but modify its terms.

The standard of review upon appeal of an order revoking probation is the abuse of discretion standard. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). In order for an abuse of discretion to occur, the reviewing court must find that the record contains no substantial evidence sufficient to support the conclusion of the trial judge that the violation of the terms of probation has occurred. Harkins, 811 S.W.2d at 82; State v. Delp, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980). The trial court is required only to find that the violation of probation occurred by a

---

[1]The defendant's name appears in the record as "Regina Ann Owen," "Regina Owen," and "Regina Owens." We use the defendant's name as it appears in the indictment.

preponderance of the evidence. Tenn. Code Ann. § 40-35-311(d) (1997). Upon a finding of a violation, the trial court is vested with the statutory authority to "revoke probation and suspension of sentence and cause the defendant to commence the execution of the judgment as originally entered." Tenn. Code Ann. § 40-35-311(d) (1997). Furthermore, when probation is revoked, "the original judgment so rendered by the trial judge shall be in full force and effect from the date of the revocation of such suspension." Tenn. Code Ann. § 40-35-310 (1997). The trial judge retains the discretionary authority to order the defendant to serve the original sentence. See State v. Duke, 902 S.W.2d 424, 427 (Tenn. Crim. App. 1995).

In this case, the defendant admitted violation of the terms of probation. This alone is substantial evidence of record to support the trial court's revocation order. See State v. Michael Emler, No. 01C01-9512-CC-00424, slip op. at 4 (Tenn. Crim. App., Nashville, Nov. 27, 1996) (where the defendant admits violation of the terms of probation, revocation by the trial court is neither arbitrary nor capricious); see also State v. Mitzi Ann Boyd, No. 03C01-9508-CC-00246, slip op. at 3 (Tenn. Crim. App., Knoxville, Nov. 1, 1996). There was evidence the defendant was succeeding in drug rehabilitation after testing positive for illicit drugs on numerous occasions several months earlier. Although she had violated the law during a domestic disturbance, she believed her criminal activity resulted from the adverse side effects of prescription medication. However, the fact remains that the defendant was given a favorable form of alternative sentencing and repeatedly failed to abide by the rules imposed upon her. We cannot say the trial court abused its discretion in revoking probation for the defendant's prohibited illicit drug use and criminal activity.

We find troubling, however, the aspect of the trial court's order which finds violations for failure to pay costs and fines and imposes incarceration until such monies are paid in full. The rule regarding revocation of probation for failure

3

to pay fines and costs is that a court may not revoke until determining the underlying reasons payment has not been made. Massey v. State, 929 S.W.2d 399, 402 (Tenn. Crim. App. 1996) (citing Bearden v. Georgia, 461 U.S. 660, 103 S. Ct. 2064 (1983)). If the nonpayment is due to willful refusal to pay or failure to make sufficient bona fide efforts to obtain the means to pay, the probation may be revoked. Massey, 929 S.W.2d at 402 (citation omitted); State v. Dye, 715 S.W.2d 36, 40, (Tenn. 1986) (citation omitted). If, on the other hand, the nonpayment stems from the probationer's inability to pay, it may not form the basis for imprisonment. Massey, 929 S.W.2d at 402 (citations omitted).

In the case at bar, the court made no finding that the defendant's failure to pay court costs and probation fees was due to willful refusal or failure to make sufficient bona fide efforts to obtain the funds to pay. The evidence was that she had paid $45 of the $372 owed for costs. The defendant's most recent payment of $10 for court costs had been made in the month prior to the revocation hearing. The amount owed for probation fees was not in evidence. The probation officer testified some of the fees "have been reduced," although he did not specify whether this reduction resulted from the defendant's payments or administrative cancellation of amounts owed. The defendant testified she is employed in child care, earning $140 to $150, "maybe a little bit more" per week. She lives alone, and her rent and utilities are $125 per week. She receives assistance from her aunt in paying the $66 per week for her drug rehabilitation program. The defendant previously received Social Security Disability (SSDI) and Supplemental Security Income (SSI) payments; however, those benefits had been terminated. According to the probation officer, the defendant is going through an appeals process in hopes of obtaining resumption of those benefits. The record does not reflect whether the $300 to $448 per month that the defendant previously received in SSDI and SSI benefits was in addition to or in the place of her current income from child care. The

4

state adduced no evidence regarding the defendant's physical condition, mental capabilities, education, transportation, and work experience – factors which might be illustrative of whether she was able to obtain more lucrative employment. Thus, a finding of willful refusal or failure to make sufficient bona fide efforts to obtain the means to reduce indebtedness for fees and costs would not be supported on this record. The trial court erred in revoking the defendant's probation on the basis of failure to pay the fees and costs without such a finding, although the revocation is otherwise supported by the additional violations.

Further, we find that the trial court should not have required the defendant to "buy her way out of jail" absent a finding she had the means to satisfy the indebtedness and willfully had not done so. We are therefore compelled to modify the court's judgment to reflect that the defendant is to serve 30 days in jail for her violations of probation.[2] After that time, she is to be returned to probationary status until the terms of her sentence are satisfied as they presently stand or are modified by the court below.

_____
CURWOOD WITT, JUDGE

CONCUR:

_____

[2]In cases where an indigent defendant is sentenced to probation conditioned upon payment of fines, costs and/or fees, the trial court and/or the supervisory authority may find it productive to inquire and determine an appropriate payment schedule. Determination of a payment schedule makes it clear to the probationer what is expected of him or her and allows for an orderly reduction of the indebtedness. If the probationer willfully fails to abide by the terms, he or she is subject to revocation of probation, and the court's inquiry is simplified by the fact that it or the probation department, in conjunction with the probationer, previously determined that the probationer is able to make the payments specified in the schedule.

5

_____
PAUL G. SUMMERS, JUDGE


_____
JERRY L. SMITH, JUDGE