IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

MARCH 1999 SESSION

FILED

April 8, 1999

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| HAROLD DAVID JONES, | ) | |
| | ) | NO. 01C01-9805-CC-00222 |
| Appellant, | ) | |
| | ) | ROBERTSON COUNTY |
| VS. | ) | |
| | ) | HON. JOHN H. GASAWAY III |
| STATE OF TENNESSEE, | ) | JUDGE |
| | ) | |
| Appellee. | ) | (Post-Conviction) |

**FOR THE APPELLANT:**

**MICHAEL R. JONES**
District Public Defender
109 South Second Street
Clarksville, TN 37040

**FOR THE APPELLEE:**

**JOHN KNOX WALKUP**
Attorney General and Reporter

**MARVIN E. CLEMENTS, JR.**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

**JOHN WESLEY CARNEY, JR.**
District Attorney General

**DENT MORRISS**
Assistant District Attorney General
500 South Main Street
Springfield, TN 37172

**OPINION FILED:** _____

**AFFIRMED**

**JOE G. RILEY,**
**JUDGE**

**O P I N I O N**

Petitioner, Harold David Jones, appeals from the dismissal of his petition for post-conviction relief by the Circuit Court of Robertson County. Previously, he entered a *nolo contendere* plea to second degree murder and received a Range II sentence of 35 years. The following issues are presented for our review:

1.  whether the petition was filed within the applicable statute of limitations; and

2.  whether the *nolo contendere* plea was the result of ineffective assistance of counsel.

We find no reversible error and **AFFIRM** the judgment of the trial court.


**STATUTE OF LIMITATIONS**


Petitioner entered a *nolo contendere* plea to second degree murder on March 8, 1993, and was sentenced on May 14, 1993, to a term of 35 years as a Range II offender. This Court affirmed the conviction and sentence. State v. Harold David Jones, Jr., C.C.A. No. 01C01-9401-CC-00008, Robertson County (Tenn. Crim. App. filed February 8, 1995, at Nashville). Application for permission to appeal was denied by the Tennessee Supreme Court on May 30, 1995.

Petitioner had one year from May 30, 1995, to file a petition for post-conviction relief. Tenn. Code Ann. § 40-30-202(a). Inexplicably, the petition bears two separate filing dates; namely, May 21, 1996, and August 6, 1996. The state correctly contends that a filing on August 6, 1996, would be untimely. However, we conclude the August 1996 filing date was a clerical error. The Uniform Affidavit of Indigency filed with the petition was stamped "filed May 21, 1996". Therefore, we conclude that the May 21, 1996, filing date on the petition was the correct date. The petition was timely filed.

2

## INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner contends trial counsel failed to properly investigate the facts and erroneously advised petitioner that he would receive a 25-year sentence, which led to an invalid *nolo contendere* plea.

## A. Standard of Review

The trial judge's findings of fact on post-conviction hearings are conclusive on appeal unless the evidence preponderates otherwise. Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990); Adkins v. State, 911 S.W.2d 334, 341 (Tenn. Crim. App. 1995). The trial court's findings of fact are afforded the weight of a jury verdict, and this Court is bound by the trial court's findings unless the evidence in the record preponderates against those findings. Henley v. State, 960 S.W.2d 572, 578 (Tenn. 1997); Alley v. State, 958 S.W.2d 138, 147 (Tenn. Crim. App. 1997); Dixon v. State, 934 S.W.2d 69, 72 (Tenn. Crim. App. 1996). This Court may not reweigh or reevaluate the evidence, nor substitute its inferences for those drawn by the trial judge. Henley, 960 S.W.2d at 578-79; Massey v. State, 929 S.W.2d 399, 403 (Tenn. Crim. App. 1996); Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990).

This Court reviews a claim of ineffective assistance of counsel under the standards of Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975), and Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The petitioner has the burden to prove that (1) the attorney's performance was deficient, and (2) the deficient performance resulted in prejudice to the defendant so as to deprive him of a fair trial. Strickland v. Washington, 466 U.S. at 687, 104 S.Ct. at 2064; Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996); Overton v. State, 874 S.W.2d 6, 11 (Tenn. 1994); Butler v. State, 789 S.W.2d at 899.

In Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), the Supreme Court applied the two-part Strickland standard to ineffective assistance of

counsel claims arising out of a guilty plea. The Court in Hill modified the prejudice requirement by requiring a defendant to show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. 474 U.S. at 59, 106 S.Ct. at 370; Hicks v. State, 983 S.W.2d at 240, 246 (Tenn. Crim. App. 1998). The same rationale applies to a *nolo contendere* plea.

## B. Post-Conviction Testimony

At the post-conviction hearing the petitioner testified he only met with trial counsel, Lionel Barrett, on one occasion prior to the plea. He told trial counsel the names of the eyewitnesses to the homicide; yet, counsel did not interview all the eyewitnesses. Petitioner testified that on the morning of trial, his counsel entered into plea negotiations with the state. According to petitioner, counsel advised petitioner he would receive a 25-year sentence if he pled to second degree murder. Petitioner's brother also testified he heard Barrett state that petitioner should "take the second degree at the 25."

Barrett's testimony contradicted the testimony of petitioner in all material respects. Barrett testified he met with petitioner on numerous occasions, performed an appropriate investigation, and suggested that petitioner enter an open plea of guilty to second degree murder. Barrett steadfastly denied that he told petitioner he would receive a 25-year sentence. Although Barrett talked with petitioner on several occasions after sentencing, petitioner never contended in those conversations that he expected an agreed 25-year sentence.

The record reveals that upon entering the plea of *nolo contendere*, petitioner was specifically advised by the trial judge that the range of punishment was from 25 years to 40 years.[1] Petitioner stated he understood. Subsequently, at the

---

[1]Although the *nolo contendere* plea transcript was admitted into evidence as an exhibit in the post-conviction hearing, it is not a part of the record in this Court. Ordinarily, this might preclude effective appellate review. However, the transcript of the post-conviction hearing contains numerous quotes from the plea transcript. Accordingly, we are able to effectively review this matter.

sentencing hearing the trial court sentenced petitioner to a term of 35 years. This Court affirmed the sentence.

### C. Findings of Post-Conviction Court

The post-conviction court found that Barrett conducted an appropriate pre-trial investigation. The post-conviction court's recitation from the transcript of the *nolo contendere* plea reveals petitioner was specifically advised, and stated he understood, that the range of punishment was from 25 years to 40 years. The post-conviction court further found Barrett did not advise petitioner that he would receive a sentence of 25 years. Finally, the court concluded trial counsel was not ineffective, and petitioner understood the consequences of his *nolo contendere* plea.

### D. Conclusion

Essentially, this issue revolved around the credibility of the witnesses at the post-conviction hearing. The post-conviction court discredited the testimony of petitioner and accredited the testimony of trial counsel. Questions of credibility are resolved by the post-conviction court, not this Court. Henley v. State, 960 S.W.2d at 579. The evidence does not preponderate against the post-conviction court's finding that petitioner failed to establish ineffective assistance of counsel. As to petitioner's contention that trial counsel was deficient in failing to interview other witnesses, petitioner has also failed to establish prejudice. None of these witnesses testified at the post-conviction hearing. *See* Black v. State, 794 S.W.2d at 757.

This issue is without merit.

5

## CONCLUSION

Based upon our review of the record, we **AFFIRM** the judgment of the trial court.

_____
**JOE G. RILEY, JUDGE**

**CONCUR:**

_____
**DAVID H. WELLES, JUDGE**

_____
**JOHN EVERETT WILLIAMS, JUDGE**