IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
June 2000 Session

## STATE OF TENNESSEE v. JAMES T. COOPER

**Direct Appeal from the Circuit Court for Lawrence County**
**No. 18974     Stella L. Hargrove , Trial Judge**

_____

**No. M1999-01132-CCA-R3-CD - Filed August 2, 2000**

_____

The defendant appeals the trial court's revocation of his probation, based on his failing a drug screen and his delinquency in paying court costs. We hold that the record is insufficient to support the trial court's finding of delinquent payments. However, the failing of the drug screen served as a sufficient basis for the revocation. We affirm the trial court's order.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID H. WELLES, and JERRY L. SMITH, JJ., joined.

Robert H. Stovall, Jr., Assistant Public Defender, Columbia, Tennessee, for the appellant, James T. Cooper.

Paul G. Summers, Attorney General & Reporter, Todd R. Kelley, Assistant Attorney General, T. Michel Bottoms, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Introduction**

The defendant, James T. Cooper, received probation and judicial diversion after he pled guilty to one count of burglary and one count of theft. Subsequent violations resulted in loss of the possibility for diversion. Later, further violations led to the trial court's revoking probation. The defendant appeals that revocation.

**Background**

On September 8, 1997, after the defendant pled guilty to burglary and to theft of property

valued over $1000, the Lawrence County Circuit Court sentenced him to two years of probation. The defendant also received judicial diversion[1] contingent on his successful completion of the probationary term. See Tenn. Code Ann. § 40-35-313. As part of the sentence, the trial court ordered the defendant to make two monthly payments, $10 in diversion fees and $25 in court costs. The probation order explicitly required that the defendant pay all required fees and that he refrain from use of intoxicants and drugs.

The defendant was indicted for felony theft of property in January 1998, and a probation revocation warrant was issued in August 1998. In this warrant, Probation Officer Beth Ladner attested that the defendant had been so indicted and that he last payed the ordered diversion fees in February 1998. The defendant pled guilty to the theft charge, and the trial court revoked the probation and the post-trial diversion. That court then again imposed probation, without a provision for judicial diversion, for the remainder of the sentence for the original two charges, with credit given for the time served on probation, and imposed an additional consecutive two years of probation for the new conviction.

In June 1999, another probation revocation warrant was issued. In that warrant, Ladner attested that the defendant had failed a drug screen for marijuana on April 8, 1999, and had made no payments to the Circuit Court Clerk for costs and fees since August 17, 1998.

At the revocation hearing in August 1999, Ladner testified that the defendant had "caught up" on his earlier delinquent diversion fees, a basis for the first revocation. Through her testimony, the state entered an affidavit regarding the drug screen analysis. See Tenn. Code Ann. § 40-35-311(c)(1).

The defendant testified and admitted that he had failed the drug screen. Unsure of the exact status of his payments for the fees and the costs, he said that he had been paying the courts "a little bit of money." He said that his work in the construction field was continent on favorable weather, that when working he made approximately $250 per week, and that $110 per week of this amount was obligated to child support for four of his children.

The trial court found that he had failed the drug screen and had willfully not maintained his payments, despite adequate financial capacity. That court revoked probation and sentenced the defendant to four years in the Tennessee Department of Correction.

**Analysis**

The defendant appeals the revocation of his probation. A trial court may revoke probation and reinstate the original sentence on finding by a preponderance of the evidence that a defendant

_____

[1] Under the applicable statute at the sentencing, such diversion may have been improper. At the contested revocation hearing, the defendant stated that he had a 1994 conviction for D.U.I. (driving under the influence), a Class A misdemeanor. Prior conviction of a Class A misdemeanor offense would preclude diversion under Tennessee Code Annotated § 40-35-313(a)(1)(A).

has violated a condition of probation, and this Court reviews such revocation under an abuse of discretion standard, an abuse evinced only by a record devoid of substantial evidence that a violation has occurred. See Tenn. Code Ann. § 40-35-311(d); State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991); State v. Gregory, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997); State v. Duke, 902 S.W.2d 424, 427 (Tenn. Crim. App. 1995).

The defendant asserts that the record shows that he had reported every month and had paid some amount every month toward his costs, fines, and fees. He asserts that he was not willfully refusing to pay costs and fines and that the only valid basis of revocation was his failing a drug screen for marijuana. He asserts that revocation for this sole reason was not justified by the "overwhelming evidence that he had reported and paid regularly and that he held a steady job and supported four children."

Regarding the failure to pay fines and costs, such failure may constitute a violation of the terms of probation if the trial court determines that nonpayment results from willful refusal to pay or failure to make sufficient bona fide efforts to pay, See State v. Dye, 715 S.W.2d 36, 40 (Tenn. 1986); State v. Massey, 929 S.W.2d 399, 402 (Tenn. Crim. App. 1996)(citing Bearden v. Georgia, 103 S.Ct. 2064 (1983)), but nonpayment as a consequence of a legitimate inability to pay may not constitute the sole basis for revocation and subsequent imprisonment, see Massey, 929 S.W.2d at 402.

Although the state advised the trial court that the defendant had not paid his costs since August 1998, a statement consistent with the allegation in the probation revocation warrant, the submitted record does not establish that delinquency. The defendant testified that he had been regularly paying at least some amount to a court. Ladner also testified that she had received receipts from the defendant, indicating his payments to the general sessions court, although the costs should have been paid to the circuit court clerk. Further, neither the state nor the defendant established the defendant's expenses and budget for the approximate $140 per week, for those weeks he obtained work, remaining after paying child support. We can not conclude that the record contains substantial evidence of willful nonpayment and lack of a bona fide effort to make the required payments. See State v. Regina Ann Owen, No. 03C01-9707CC00271 (Tenn. Crim. App. filed June 22, 1998, at Knoxville).

Nevertheless, the defendant's violation regarding the drug screen is a valid basis for revocation. The defendant's argument, that the revocation was not justified in consideration of his attempted payments, steady employment, and support of his children, would require a balancing test outside the scope of our review. We find no abuse of discretion, and therefore we affirm the revocation order from the trial court.

_____

-3-

JOHN EVERETT WILLIAMS, JUDGE