IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 20, 2000

## SHANTA FONTON MCKAY V. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 97-B-786      Cheryl Blackburn, Judge**

---

**No. M2000-00016-CCA-R3-PC - Filed October 27, 2000**

---

After his transfer from juvenile court, appellant pled guilty to second degree murder and, pursuant to a negotiated plea agreement, received a sentence of 19 years. Appellant sought post-conviction relief, which was denied by the trial court. In this appeal as a matter of right, appellant seeks relief alleging a double jeopardy violation, an involuntary guilty plea, and ineffective assistance of counsel. After a thorough review of the record, we affirm the denial of post-conviction relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which DAVID H. WELLES and NORMA MCGEE OGLE, JJ., joined.

David G. Ridings, Nashville, Tennessee, for the appellant, Shanta Fonton McKay.

Paul G. Summers, Attorney General and Reporter; Clinton J. Morgan, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Roger D. Moore, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

After being transferred by juvenile court to criminal court, appellant pled guilty to second degree murder and received a sentence of 19 years. Appellant sought post-conviction relief, which was denied by the trial court. In this appeal as a matter of right, appellant raises the following claims:

(1) his constitutional right against double jeopardy was violated due to the juvenile court's adjudication;

(2) his guilty plea was involuntary; and

(3) he received ineffective assistance of counsel.

Upon review of the record, we affirm the judgment of the trial court.

## I. BACKGROUND

We glean the following underlying facts from the guilty plea proceeding. Appellant was involved in a drug transaction at age 17. A dispute occurred during the transaction, and the buyer's vehicle suddenly drove away from appellant. Appellant discharged his weapon, and its bullet struck the rear window of the buyer's vehicle. The buyer had his two young children in the vehicle's backseat, and the bullet struck the buyer's two-year-old son. The child subsequently died from his injuries.

Appellant was taken before the juvenile court, and a transfer hearing was held to determine whether he would remain in the juvenile system or be transferred to criminal court. The juvenile court transferred appellant to criminal court, where he pled guilty to second degree murder for an agreed 19-year sentence.

## II. POST-CONVICTION HEARING

At the post-conviction hearing, appellant claimed that his right against double jeopardy, as guaranteed by both the Federal and Tennessee Constitutions, was violated because the juvenile court adjudicated appellant guilty and also transferred him to criminal court. This claim is based upon the statements of the juvenile court judge indicating that he found that the appellant had, in fact, committed criminal acts. Appellant argues that the juvenile court's action renders his subsequent guilty plea and 19-year sentence void. Furthermore, appellant argues that his guilty plea was involuntary and unknowing and resulted from ineffective assistance of counsel.

Appellant testified that trial counsel never informed him of a double jeopardy defense, and if trial counsel had informed him, he would not have pled guilty. Appellant conceded that he understood that the purpose of the juvenile court hearing was for transfer. Appellant stated that after the transfer hearing, he and his trial counsel discussed the state's proof as revealed at the hearing, and he was familiar with the facts of the case when he pled guilty.

Appellant's trial counsel also testified at the post-conviction hearing. He did not believe the double jeopardy defense to be viable. Trial counsel asserted that he examined the transfer order and found it to comply with the statute. He and appellant discussed the strengths and weaknesses of the state's case, as revealed in the transfer hearing, and he informed appellant of all possible crimes and punishments if appellant chose to go to trial. Trial counsel further testified that he and appellant communicated well, and he found appellant to be intelligent and aware of the details of the plea

agreement. Finally, trial counsel testified that there was no question in his mind that the juvenile court hearing was a transfer hearing, and there was no doubt that the only issue was transfer.

Pursuant to Tenn. Code Ann. § 40-30-211(b), the post-conviction judge set forth excellent and detailed findings of fact and conclusions of law addressing each ground raised by appellant. The trial judge found all grounds to be without merit and dismissed the petition.

### III. STANDARD OF REVIEW

#### A. Post-Conviction

The trial judge's findings of fact in post-conviction hearings are conclusive on appeal unless the evidence preponderates otherwise. State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). The trial court's findings of fact are afforded the weight of a jury verdict, and this court is bound by the trial court's findings unless the evidence in the record preponderates against those findings. Henley v. State, 960 S.W.2d 572, 578 (Tenn. 1997); Alley v. State, 958 S.W.2d 138, 147 (Tenn. Crim. App. 1997). This court may not reweigh or reevaluate the evidence, nor substitute its inferences for those drawn by the trial judge. Henley, 960 S.W.2d at 578-79; Massey v. State, 929 S.W.2d 399, 403 (Tenn. Crim. App. 1996). Questions concerning the credibility of witnesses and the weight and value to be given their testimony are resolved by the trial court and not by this court. Burns, 6 S.W.3d at 461.

#### B. Involuntary Guilty Plea

The United States Supreme Court in Boykin v. Alabama, 395 U.S. 238, 243, 89 S.Ct. 1709, 1713, 23 L.Ed.2d 274 (1969), noted that a guilty plea must be knowing and voluntary. To ensure that guilty pleas are entered "knowingly and intelligently," Boykin instructs the trial court to discuss with the accused the consequences of the decision. 395 U.S. at 244, 89 S.Ct. at 1712. Tennessee has likewise recognized the requirement of a knowing and voluntary guilty plea. *See* State v. Mackey, 553 S.W.2d 337, 340 (Tenn. 1977).

#### C. Ineffective Assistance of Counsel

The court reviews a claim of ineffective assistance of counsel according to the standards of Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975), and Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The appellant has the burden to prove that (1) the attorney's performance was deficient, and (2) the deficient performance resulted in prejudice to the defendant so as to deprive him of a fair trial. Strickland, 466 U.S. at 687, 104 S.Ct. at 2064; Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996).

In Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), the Supreme Court applied the two-part Strickland standard to ineffective assistance of counsel claims arising out of a guilty plea. The Court in Hill modified the prejudice requirement by requiring a defendant to show

3

that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. 474 U.S. at 59, 106 S.Ct. at 370; Hicks v. State, 983 S.W.2d 240, 246 (Tenn. Crim. App. 1998).

## IV. ANALYSIS

### A. Double Jeopardy

Appellant claims that the juvenile court "blended" a transfer hearing with a hearing on the merits, and his conviction violates double jeopardy principles enunciated in Breed v. Jones, 421 U.S. 519, 95 S.Ct. 1779, 44 L.Ed.2d 346 (1975) (prosecution of youth as adult in state court, after juvenile court adjudicatory and dispositional hearing in which the youth was found to have violated a state criminal statute, is barred by double jeopardy). Appellant argues that the juvenile court found appellant guilty of the offense and subsequently transferred him to criminal court to be tried as an adult. In support of his argument, appellant offers the transfer hearing's transcript and emphasizes the following statements of the juvenile court judge:

> I have someone who is a 17-year-old who armed himself, sold drugs, shot a gun, took a life.... [T]he 13 months of jurisdiction left in the juvenile system simply is not enough to address whatever it is that's the problem of Mr. McKay... [T]hat is what he did.

Appellant contends that this language is enough to convert the juvenile hearing into an adjudicatory hearing on the merits. We disagree.

Appellant seeks reversal of his conviction citing State v. Davis, 637 S.W.2d 471 (Tenn. Crim. App. 1982). In Davis, this court overturned the convictions of two defendants on double jeopardy grounds because the juvenile court blended a transfer hearing with an adjudicatory hearing. *Id.* at 474. However, Davis is distinguished from appellant's case. In Davis, the juvenile court issued two judgments; the first judgment ordered transfer to criminal court, while the second judgment adjudicated the party as a "delinquent child." *Id.* at 473. In contrast, there was only one judgment in appellant's case, and it was for transfer to criminal court; appellant was never adjudicated delinquent.

This case is similar to State v. James Hyde, C.C.A. No. 02C01-9710-CC-00420, 1999 WL 460072 (Tenn. Crim. App. filed July 8, 1999, at Jackson), *perm. to app. denied* (Tenn. December 20, 1999). In Hyde, the defendant argued that he was placed in double jeopardy by being convicted in criminal court after a juvenile hearing that was "essentially a delinquency hearing." *Id.* at *1. The juvenile judge found that the defendant had committed the offense in "an aggravated pre-meditated manner," and the juvenile judge transferred the defendant to criminal court. *Id.* at *2. On appeal, we concluded,

> [n]ever did the judge suggest that based on the evidence, he found the defendant to

4

be delinquent or guilty; rather, he specifically limited his review of the evidence in context of determining "whether or not there are reasonable grounds to believe that the child committed the delinquent act as charged," as required by § 37-1-134(a)(4)(A).

*Id.* at *2.

Throughout appellant's juvenile hearing, all concerned parties knew it was a transfer hearing. Also, appellant omits the portion of the juvenile court's finding immediately subsequent to the portion that appellant places at issue; it stated: "And that's why this type of case is one that the legislature has contemplated should be dealt within the criminal justice system. So *I'm going to transfer Mr. McKay to criminal court*." (Emphasis added). Additionally, the juvenile court judge entered an order whereby he emphasized that his responsibility was not to make a determination of guilt or innocence, but rather a finding of probable cause as a statutory predicate to transfer. Appellant errs in his contention that the juvenile court's statements merged the transfer hearing with an adjudication on the merits. Accordingly, no double jeopardy violation occurred. This issue is without merit.

## B. Guilty Plea

Appellant claims that his guilty plea was involuntary because he lacked sufficient knowledge and understanding of available options. First, we note that appellant's trial counsel correctly concluded that no viable double jeopardy defense existed, so appellant suffered no prejudice in this regard. The post-conviction court found, after a thorough analysis of the guilty plea proceeding, that appellant pled guilty knowingly and with sufficient understanding of options available. The record clearly supports this conclusion. Accordingly, this issue is without merit.

## C. Ineffective Assistance of Counsel

Appellant finally alleges that he received ineffective assistance of counsel, primarily due to trial counsel's failure to discover and inform him of the potential defense of double jeopardy. Appellant's argument is without merit because no double jeopardy defense existed. Furthermore, trial counsel's recommendation that appellant plead guilty for an agreed sentence was based on adequate preparation, explanation, and communication. The post-conviction court found no deficiency in counsel's representation. Again, the record clearly supports this conclusion. Accordingly, this issue is without merit.

## V. CONCLUSION

5

We conclude that appellant's constitutional right against double jeopardy was not violated; his guilty plea was voluntary; and he received effective assistance of counsel. Accordingly, the judgment of the trial court is affirmed.

_____
JOE G. RILEY, JUDGE