# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs August 8, 2000 (at Jackson)

## DONNIE WHEELER, et al. v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for DeKalb County**
**No. 7679-F     Leon Burns, Jr., Judge**

---

### No. M1999-02453-CCA-R3-PC - Filed March 22, 2001

---

The Petitioners filed pro-se petitions for post-conviction relief on September 25, 1997, in accordance with the Post Conviction Relief Act. Tenn. Code Ann. § 40-30-101. Amended petitions were subsequently filed by court appointed counsel on November 14, 1997. The Petitioners' petitions were later dismissed and this appeal followed. In this appeal, the Petitioners set forth several grounds upon which they claim that post-conviction relief should have been granted. Specifically, the Petitioners allege ineffective assistance of counsel, claiming that counsel: failed to file a motion for judgment of acquittal; failed to appeal the judgment of conviction for second degree murder; failed to dismiss two jurors who were alleged to be biased against the Petitioners, which resulted in a denial of their right to a fair and impartial jury; failed to interview and cross-examine a witness of the State's; and failed to file a motion to suppress photographs that were entered into evidence. Petitioner Donnie Wheeler also contends that post-conviction relief should have been granted because counsel failed to request an instruction on the lesser-included offense of criminal responsibility for the facilitation of a felony, and because the trial court failed to charge the jury with the same lesser-included offense. After careful examination of the issues set forth herein, we affirm the post-conviction court's denial of post-conviction relief to the Petitioners.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court. DAVID G. HAYES, J., concurred by separate opinion. JAMES CURWOOD WITT, JR., J., concurred by separate opinion.

Ricky L. Jenkins, Sparta, Tennessee, for the appellant, Donnie Wheeler.

Cindy A. Howell, Sparta, Tennessee, for the appellant, Lonnie Wheeler.

Paul G. Summers, Attorney General and Reporter; Marvin E. Clements, Jr., Assistant Attorney General; G. Robert Radford, District Attorney General; and William M. Locke, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The Petitioners, Donnie and Lonnie Wheeler, were convicted by a DeKalb County jury of second degree murder, a Class A felony. Tenn. Code Ann. § 39-13-210. In a negotiated sentencing agreement, both Petitioners accepted seventeen-year sentences and waived their rights to appeal or challenge their convictions and sentences. The Petitioners subsequently filed petitions for post-conviction relief, but after a hearing the petitions were dismissed. This appeal followed.

**FACTS**

Petitioner Donnie Wheeler was in a relationship with Crystal Wheeler. After the relationship ended, Crystal Wheeler began to date the victim, Dale Bain. On the night the victim was killed, Petitioner Donnie Wheeler had been involved in a confrontation with the victim at Crystal Wheeler's home. During the confrontation, Petitioner Donnie Wheeler went to a truck where Petitioner Lonnie Wheeler was waiting, took a shotgun from the truck, and pointed it at both the victim and Crystal Wheeler's father. Crystal Wheeler then stepped in front of the shotgun and told Petitioner Donnie Wheeler that if anyone was going to be shot she was going to be first. Shortly thereafter, both Petitioners left. After the Petitioners left Crystal Wheeler's home, Crystal Wheeler left with her father to go to the police station to file a complaint against Petitioner Donnie Wheeler.

Later the same night, Crystal Wheeler and the victim were driving back to Crystal Wheeler's house when they saw the Petitioners in the same truck they had been in earlier that evening. The Petitioners then began to follow Crystal Wheeler and the victim. After following Crystal Wheeler and the victim for some time, Petitioner Donnie Wheeler threw a beer bottle at the car being driven by Crystal Wheeler. Immediately thereafter, Petitioner Lonnie Wheeler managed to pull his truck in front of Crystal Wheeler's vehicle, forcing her to stop. Once the two vehicles stopped, a second confrontation broke out between Petitioner Donnie Wheeler and the victim.

While Petitioner Donnie Wheeler and the victim were arguing, Petitioner Lonnie Wheeler stepped to the back of the truck he was driving, pulled out a shotgun, walked back over to the victim, and pointed the shotgun at him. The victim grabbed the barrel of the shotgun, which then discharged. The victim was killed and the Petitioners fled the scene.

The Petitioners were convicted by a DeKalb County jury of second degree murder, a Class A felony. Tenn. Code Ann. § 39-13-210. In a negotiated sentencing agreement, both Petitioners accepted seventeen-year sentences and waived their rights to appeal or challenge their convictions and sentences. The Petitioners subsequently filed pro-se petitions for post-conviction relief on September 25, 1997, in accordance with the Post-Conviction Relief Act. Tenn Code Ann. § 40-30-101. Amended petitions were later filed by court appointed counsel on November 14, 1997. On June 30, 1999, after a hearing, the post-conviction court dismissed the Petitioners' petitions. This appeal followed.

## ANALYSIS

### Standard of Review

This Court reviews a claim of ineffective assistance of counsel under the standards of <u>Baxter v. Rose</u>, 523 S.W.2d 930 (Tenn. 1975), and <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed.2d 674 (1984). The petitioner has the burden to prove that (1) the attorney's performance was deficient, and (2) the deficient performance resulted in prejudice to the defendant so as to deprive him of a fair trial. <u>Strickland</u>, 466 U.S. at 687, 104 S. Ct. at 2064; <u>Goad v. State</u>, 938 S.W.2d 363, 369 (Tenn. 1996); <u>Overton v. State</u>, 874 S.W.2d 6, 11 (Tenn. 1994); <u>Butler v. State</u>, 789 S.W.2d 898, 899 (Tenn. 1990).

The test in Tennessee to determine whether counsel provided effective assistance is whether his performance was within the range of competence demanded of attorneys in criminal cases. <u>Baxter</u>, 523 S.W.2d at 936. The petitioner must overcome the presumption that counsel's conduct falls within the wide range of acceptable professional assistance. <u>Strickland</u>, 466 U.S. at 689, 104 S.Ct. at 2065; <u>State v. Burns</u>, 6 S.W.3d 453, 462 (Tenn. 1999). Therefore, in order to prove a deficiency, a petitioner must show "that counsel's acts or omissions were so serious as to fall below an objective standard of reasonableness under prevailing professional norms." <u>Goad</u>, 938 S.W.2d at 369 (citing <u>Strickland</u>, 466 U.S. at 688, 104 S. Ct. at 2065).

In reviewing counsel's conduct, a "fair assessment . . . requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." <u>Strickland</u>, 466 U.S. at 689, 104 S. Ct. at 2065. The fact that a particular strategy or tactic failed or hurt the defense does not, standing alone, establish unreasonable representation. However, deference to matters of strategy and tactical choices applies only if the choices are informed ones based upon adequate preparation. <u>Henley v. State</u>, 960 S.W.2d 572, 579 (Tenn. 1997); <u>Hellard v. State</u>, 629 S.W.2d 4, 9 (Tenn. 1982).

Further, the trial judge's findings of fact on post-conviction hearings are conclusive on appeal unless the evidence preponderates otherwise. <u>Burns</u>, 6 S.W.3d at 461. The trial court's findings of fact are afforded the weight of a jury verdict, and this Court is bound by the trial court's findings unless the evidence in the record preponderates against those findings. <u>Henley v. State</u>, 960 S.W.2d 572, 578 (Tenn. 1997); <u>Alley v. State</u>, 958 S.W.2d 138, 147 (Tenn. Crim. App. 1997). This Court may not reweigh or reevaluate the evidence, nor substitute its inferences for those drawn by the trial judge. <u>Henley</u>, 960 S.W.2d at 578-79; <u>Massey v. State</u>, 929 S.W.2d 399, 403 (Tenn. Crim. App. 1996). Questions concerning the credibility of witnesses and the weight and value to be given to their testimony are resolved by the trial court, not this Court. <u>Burns</u>, 6 S.W.3d at 461. The burden of establishing that the evidence preponderates otherwise is on petitioner. <u>Henley</u>, 960 S.W.2d at 579; <u>Black</u>, 794 S.W.2d at 755.

## Issues Presented

### 1.

The Petitioners first contend that trial counsel was ineffective since counsel failed to file a motion for judgment of acquittal. We disagree.

One witness testified that on the night the victim was killed, Petitioner Donnie Wheeler and the victim had been engaged in an argument. Further testimony was given that during the argument Petitioner Donnie Wheeler retrieved a shotgun from his brother's truck and pointed it at the victim. The same witness also testified that Petitioner Donnie Wheeler engaged the victim in a second confrontation later the same night, after forcing her and the victim to stop the car they were driving. The witness testified that while Petitioner Donnie Wheeler was arguing with the victim, Petitioner Lonnie Wheeler pulled a shotgun out of the back of his truck, approached the victim, pointed the shotgun at the victim at close range, and as the victim grabbed the barrel, the shotgun went off.

A second witness also testified about the events surrounding the victims' death. The witness testified that he was at the home of his daughter, Crystal Wheeler, on the night the victim was killed. The witness further testified that the victim and Petitioner Donnie Wheeler had been in an argument on the night the victim was killed, and that before Petitioner Donnie Wheeler left Crystal Wheeler's home, Petitioner Donnie Wheeler pulled a shotgun and pointed it at the victim, telling the victim to "come outside and get some of this," referring to the shotgun he had pulled from behind his back.

Based on the testimony that was given by witnesses against the Petitioners, we find that any motions by counsel seeking a motion for judgment of acquittal would have been denied. Thus, the Petitioners have not shown any prejudice. We find no merit in this contention.

### 2.

The Petitioners also contend that trial counsel was ineffective for failing to appeal the judgment of conviction for second degree murder. Our review of the record shows that both Petitioners entered into negotiations after the jury verdict, whereby each Petitioner received a seventeen-year sentence and waived his right to appeal his conviction and sentence. The record also shows that during the sentencing hearing both Petitioners were questioned about the rights they were giving up, and that both Petitioners gave up these rights knowingly and voluntarily. Further, both Petitioners believed that accepting the sentence was in their best interests and that their counsel had done a good job. We find no problems with the Petitioners' voluntary waiver of their right to appeal their convictions. Having agreed to voluntarily waive their rights to appeal their convictions and sentences, the Petitioners' trial counsel was under no duty to perfect a direct appeal. This issue is without merit.

3.

The Petitioners next contend that trial counsel was ineffective because counsel failed to dismiss two jurors by preemptive challenges. The Petitioners contend that the jurors had not truthfully answered counsel's questions during *voir dire* and that they knew the Petitioners. From this the Petitioners contend that they did not receive a fair and impartial jury because the two jurors were alleged to be biased against the Petitioners. Both jurors were called to testify at the post-conviction hearing.

The first juror who was alleged to have known Petitioner Donnie Wheeler, testified, however, that he was not acquainted with Petitioner Donnie Wheeler. The juror testified that he had "seen [the Petitioners] around, but [he did not] know them." Further, the juror testified that had not had any problems with the Petitioners that he could remember. The juror testified that he was not biased against the Petitioners and that he did not do anything to hurt their case. Based upon this testimony, the post-conviction court found that there was no reasonable showing that "[the juror] had done anything improper in the deliberative process of the jury or influenced the jury in any way improperly." We agree.

The second juror also testified that he did not know the Petitioners. The juror did testify, however, that several years prior to the Petitioners' trial he was helping his son load a truck onto a trailer, and that Petitioner Lonnie Wheeler may have helped load the truck onto the trailer. The juror testified, however, that he could not be certain that Petitioner Lonnie Wheeler was present that day. The juror was certain, however, that this was the only time he had ever heard either of the Petitioners' names. The same juror also testified that he never had any problems with either of the Petitioners; he did not remember ever telling his son to stay away from either Petitioner; was not biased or prejudiced against either Petitioner; did not know the Petitioners when he was selected as a juror in the case during *voir dire*; and that his verdict was based on the law given by the judge.

Based upon the testimony given by the second juror at the post-conviction hearing, the court found that the juror had not attempted to be deceptive during *voir dire*. The court stated that if the juror did have a casual meeting with Petitioner Lonnie Wheeler, it was three or four years before the trial and could have faded from his memory. The court further held that no showing had been made that the juror had purposefully given a false response so that he could get on the jury. Again, we agree with the post-conviction court and find no merit in the contention that either juror was prejudiced or biased against the Petitioners. Further, this Court agrees with the post-conviction court that the Petitioners were given a fair and impartial jury. This issue is without merit.

4.

The Petitioners next contend that trial counsel was ineffective because they failed to interview one of the State's witnesses prior to trial and failed to cross-examine the same witness at trial. A review of the record reveals that the post-conviction court failed to find that counsels' failure to interview the State's witness prior to trial was prejudicial to the Petitioners' case. Further, the

record has failed to yield evidence that preponderates against the findings of the post-conviction court. The Petitioners have failed to carry the burden of establishing that counsels' failure to interview the State's witness was prejudicial to their trial.

5.

The Petitioners next contend that trial counsel was ineffective because they failed to cross-examine one of the State's witnesses. Counsel testified at the post-conviction hearing that the statement by the State's witness, that she had heard someone yell "yeehaw" as the Petitioners' truck left the scene, was the first time that anything of that nature was made known. Further, counsel also testified that after hearing this testimony the decision was made not to cross-examine the witness because they believed she was a credible witness and did not want to draw added attention to her testimony. During the post conviction hearing a statement made by the witness to the police was also introduced. The statement failed to indicate such a squeal from anyone in the fleeing vehicle. In fact, the only thing the witness's statement said was that she "heard a gun go off, ... [saw] a white Chevrolet truck pulling off fast, and [that] there was another car in the road with an unknown girl yelling for help." As with the Petitioners' contention that trial counsel was ineffective for failing to interview the State's witness prior to trial, the post-conviction court found that trial counsel was not ineffective for failing to cross-examine the State's witness. Based upon our review of the record, we agree with the post-conviction court that it was not ineffective for counsel to refrain from cross-examining the State's witness. This issue is without merit.

6.

The Petitioners next contend that trial counsel was ineffective for failing to cross-examine a second State's witness. The second witness that the Petitioners contend trial counsel should have cross-examined was an officer who was working on the case. Counsel testified that the decision to refrain from cross-examining the officer was a pre-trial decision that was made based upon inconsistent statements the Petitioners had given to police. After hearing counsel's testimony, the post-conviction court found that even if counsel had cross-examined the officer it would not have affected the outcome of the case.

As we have set forth above, deference will be given to matters of strategy and tactical choices that are informed and based upon adequate preparation. As the post-conviction court obviously found, trial counsels' decision not to cross-examine the officer who testified as a State's witness was a decision grounded in strategy and tactical decision. Further, the decision was one made after preparation. We also pause to note that the Petitioners have failed to establish how counsels' failure to cross-examine this witness prejudiced their right to a fair trial. This issue is without merit.

7.

The Petitioners next claim that trial counsel was ineffective for failing to file a motion to suppress four photographs that were introduced into evidence at trial. The post-conviction court did not find that counsel was ineffective for failing to object to these two photographs, and found that two of the photographs were not so prejudicial that they would have influenced the jury. Both of these first two photographs were of blood on the pavement.

With regards to the other two photographs, both showing the victim's body and the gun shot wound, the post-conviction court also found that trial counsel was not ineffective for failing to object to them. The post-conviction court found that even if the photographs had not been allowed into evidence, the outcome would not have been any different – the Petitioners' convictions would have still resulted. Our review of the record supports this finding. This issue is without merit.

8.

Petitioner Donnie Wheeler contends that trial counsel was ineffective for failing to request a jury instruction on the lesser-included offense of facilitation of a felony and claims that he was denied his right to a jury trial by failure of the trial court to charge the jury with the lesser-included offense of facilitation of a felony. In State v. Burns, the Tennessee Supreme Court held that a trial court must instruct a jury on all lesser-included offenses if the evidence introduced at trial is legally sufficient to support a conviction for the lesser offense, whether or not a defendant requests such an instruction. State v. Burns, 6 S.W.3d 453, 464 (Tenn. 1999). Thus, the language clearly establishes that applicable lesser-included offenses must be charged to the jury by the trial court regardless of requests made by counsel. As such, we are unable to conclude that trial counsel was ineffective by failing to request a jury instruction on the lesser-included offense of facilitation of a felony.

This Court will not address whether the Petitioner was denied a jury trial because of the trial court's failure to instruct on a lesser-included offense. The Petitioner, after a jury verdict, negotiated with the State for an agreed sentence, thereby waiving his right to appeal his sentence, and waived his right to appeal his conviction. Further, the issue of whether to instruct on a lesser-included offense is waived after a jury verdict when the defendant has failed to assert that the waiver was not knowingly and voluntarily entered. This is an issue that was waived by Petitioner Donnie Wheeler when he waived his right to appeal, and when the Petitioner failed to assert that his waiver was not knowingly and voluntarily entered. This issue is without merit.

## CONCLUSION

The post-conviction court's dismissal of the Petitioners' petition for post-conviction relief was correct.

_____

JOHN EVERETT WILLIAMS, JUDGE