IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
April 10, 2001 Session

## VERNON BERNARD LOVE v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Carroll County**
**No. 97CR-1063PC     Julian P. Guinn, Judge**

_____

**No. W2000-02808-CCA-R3-PC  - Filed May 25, 2001**
_____

The petitioner was originally convicted by a Carroll County jury of the sale of a controlled substance. The conviction was affirmed on direct appeal. The petitioner sought post-conviction relief, which was denied by the post-conviction court. In this appeal as a matter of right, the petitioner contends that his trial counsel provided ineffective assistance of counsel. After a thorough review of the record, we conclude that the trial court correctly denied post-conviction relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROBERT W. WEDEMEYER, JJ., joined.

Marsha W. Johns, Huntingdon, Tennessee, for the appellant, Vernon Bernard Love.

Paul G. Summers, Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General; G. Robert Radford, District Attorney General; and Eleanor Cahill, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The petitioner appeals the denial of post-conviction relief claiming that his trial counsel was ineffective. We conclude that the trial court correctly denied post-conviction relief.

**BACKGROUND**

The petitioner was convicted by a jury of two counts of selling cocaine. The trial court sentenced the petitioner as a multiple offender to a term of eight years on each count, to run concurrently, and to be served in the Tennessee Department of Correction. The petitioner's conviction was affirmed on direct appeal. *See* State v. Vernon Love, C.C.A. No. 02C01-9801-CC-

00011, 1999 WL 228980 (Tenn. Crim. App. filed April 21, 1999), *perm. to app. denied* (Tenn. 1999). The petitioner then filed this petition for post-conviction relief. The post-conviction court denied relief, and the petitioner appealed to this court. We affirm.

**INEFFECTIVE ASSISTANCE OF COUNSEL**

**A. Standard of Review**

This court reviews a claim of ineffective assistance of counsel under the standards of Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975), and Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The petitioner has the burden to prove that (1) the attorney's performance was deficient, and (2) the deficient performance resulted in prejudice to the defendant so as to deprive him of a fair trial. Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996); Overton v. State, 874 S.W.2d 6, 11 (Tenn. 1994); Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990).

The test in Tennessee to determine whether counsel provided effective assistance is whether his performance was within the range of competence demanded of attorneys in criminal cases. Baxter, 523 S.W.2d at 936. The petitioner must overcome the presumption that counsel's conduct falls within the wide range of acceptable professional assistance. Strickland, 466 U.S. at 689, 104 S. Ct. at 2065; State v. Burns, 6 S.W.3d 453, 462 (Tenn. 1999). Therefore, in order to prove a deficiency, a petitioner must show "that counsel's acts or omissions were so serious as to fall below an objective standard of reasonableness under prevailing professional norms." Goad, 938 S.W.2d at 369 (citing Strickland, 466 U.S. at 688, 104 S. Ct. at 2065).

The trial judge's findings of fact on post-conviction hearings are conclusive on appeal unless the evidence preponderates otherwise. Burns, 6 S.W.3d at 461. The trial court's findings of fact are afforded the weight of a jury verdict, and this court is bound by the trial court's findings unless the evidence in the record preponderates against those findings. Henley v. State, 960 S.W.2d 572, 578 (Tenn. 1997); Alley v. State, 958 S.W.2d 138, 147 (Tenn. Crim. App. 1997). This court may not reweigh or reevaluate the evidence, nor substitute its inferences for those drawn by the trial judge. Henley, 960 S.W.2d at 578-79; Massey v. State, 929 S.W.2d 399, 403 (Tenn. Crim. App. 1996). Questions concerning the credibility of witnesses and the weight and value to be given to their testimony are resolved by the trial court, not this court. Burns, 6 S.W.3d at 461. The burden of establishing that the evidence preponderates otherwise is on petitioner. Henley, 960 S.W.2d at 579.

**B. Analysis**

In his claim for post-conviction relief, the petitioner alleged he received ineffective assistance of counsel. At the post-conviction hearing, the petitioner testified that his trial counsel: allowed the trial court to dismiss the only African-American juror without adequately questioning the juror;

failed to object when the petitioner informed him that a potential juror uttered a racial slur within earshot of the other jurors; failed to obtain expert analysis of an incriminating audio tape after the petitioner requested it, and petitioner's brother tendered payment for such expert; failed to call as a witness, or secure an affidavit from, James Dennis Love, who would attest it was his voice on the recording; failed to call Ivey Love who would testify that the voice on the recording was not the petitioner's; failed to adequately investigate the facts surrounding the petitioner's case; failed to adequately investigate the state's informant for impeachment evidence; and failed to question the prospective jurors regarding whether they had served as jurors in other cases where they heard testimony from the state's informant.

Ramsdale O'DeNeal, the petitioner's trial counsel, testified at the post-conviction hearing that the state properly challenged the single African-American juror because a member of her family was under indictment for a crime involving drugs; he did not hear the dismissed juror utter a racial slur, nor did the petitioner inform him of such occurrence; the petitioner did not request that the audio recording be analyzed by an expert, nor did the petitioner or his brother tender payment for expert analysis; and Ivey Love never requested that he take part in the petitioner's trial, nor did the petitioner request that Love or any other witness testify. He further testified that during a meeting with the petitioner in the Carroll County Jail following the petitioner's conviction, an individual accompanied the petitioner, and the petitioner claimed it was that individual's voice on the recording. Counsel testified that he informed the individual to contact his attorney and have his attorney contact him. Trial counsel never heard from the individual nor his attorney.

Only the petitioner and his trial counsel testified at the post-conviction hearing.

The post-conviction court entered model, detailed written findings and concluded that the state's ground for dismissing the single African-American juror was proper; the petitioner failed to prove that the dismissed juror uttered a racial slur which was heard by the jury; no witness was produced at the post-conviction hearing to establish the voice on the audio tape was not the defendant's; no evidence was introduced at the post-conviction hearing indicating trial counsel failed to investigate other helpful evidence; and there was no evidence establishing that any jurors previously sat on cases involving the same informant. Accordingly, the post-conviction court dismissed the petition.

The evidence does not preponderate against the findings of the post-conviction court. Many of the findings depended upon the credibility of the petitioner versus his trial counsel, and the post-conviction court was in a much better position than this court to assess credibility. Furthermore, the post-conviction court correctly determined that the failure of petitioner to produce witnesses or other evidence at the post-conviction hearing to substantiate many of his allegations was fatal. *See* Black v. State, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990). We have no basis to disturb the findings and conclusions of the post-conviction court.

## CONCLUSION

We conclude that the petitioner has failed to demonstrate that he received ineffective assistance of counsel. Accordingly, the judgment of the trial court is affirmed.

_____
JOE G. RILEY, JUDGE