**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT KNOXVILLE**

**APRIL 1999 SESSION**

FILED

June 2, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

| | | |
|---|---|---|
| JEROME D. HILL, | ) | |
| | ) | **NO. 03C01-9807-CR-00254** |
| Appellant, | ) | |
| | ) | **KNOX COUNTY** |
| VS. | ) | |
| | ) | **HON. RAY L. JENKINS,** |
| STATE OF TENNESSEE, | ) | **JUDGE** |
| | ) | |
| Appellee. | ) | (Post-Conviction) |

<u>**FOR THE APPELLANT:**</u>

**ALBERT J. NEWMAN, JR.**
602 South Gay Street
Burwell Building, Suite 500
Knoxville, TN 37902-1623

<u>**FOR THE APPELLEE:**</u>

**JOHN KNOX WALKUP**
Attorney General and Reporter

**R. STEPHEN JOBE**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

**RANDALL E. NICHOLS**
District Attorney General

**FRED BRIGHT, JR.**
Assistant District Attorney General
400 Main
P.O. Box 1468
Knoxville, TN 37901-1468

**OPINION FILED:** _____

**AFFIRMED**

**JOE G. RILEY,**
**JUDGE**

**OPINION**

Petitioner appeals the denial of his petition for post-conviction relief. Petitioner pled guilty to three counts of aggravated robbery, Class B felonies, without an agreement as to sentencing. The trial court ordered petitioner to serve an effective sentence of thirty-six years as a Range II offender. Petitioner now alleges ineffective assistance of counsel and argues that the plea was not voluntarily, knowingly, and understandingly entered. Upon a complete review of the record, we conclude that the evidence does not preponderate against the post-conviction court's findings that counsel was effective and the plea voluntary. Thus, we AFFIRM the dismissal of the petition.

## I. PROCEDURAL HISTORY

Petitioner was charged with three counts of aggravated robbery, aggravated burglary, and theft of property. Attorney Laurie Andrijeski was retained on petitioner's behalf at the General Sessions level and appointed to continue her representation by the Criminal Court.

On January 10, 1995, petitioner pled guilty to three counts of aggravated robbery, Class B felonies, without a sentencing agreement and received eighteen years as a Range II offender on each count. The trial court ordered the first two counts to run consecutively, and the third count concurrently, for an effective thirty-six year sentence. Petitioner perfected a direct appeal, and this Court affirmed the sentences. *See* State v. Jerome Dajuan Hill, C.C.A. No. 03C01-9508-CR-00230, Knox County (Tenn. Crim. App. filed June 7, 1996, at Knoxville), *perm. to appeal denied* (Tenn. 1997).

On November 19, 1997, petitioner filed a petition for post-conviction relief *pro se*, alleging the pleas were involuntary due to ineffective assistance of counsel. The post-conviction court appointed counsel and subsequently conducted an evidentiary hearing. It found the allegations to be without merit and entered an order denying post-conviction relief. This appeal followed.

2

## II. FACTS

On May 17, 1994, petitioner and two other men forcibly entered the Watson residence. The perpetrators confronted three people in the house, bound their hands and feet, and threatened them with physical harm while taking their cash and other items of property. All three victims identified petitioner as the leader and gunman of the group.

### A. Guilty Plea

At the guilty plea hearing, the trial court advised petitioner of Range I and Range II sentencing for Class B felonies. It summarized its sentencing considerations and procedures. The court clarified the fact that the sentence petitioner ultimately received would depend upon (1) whether he was determined to be a Range I or Range II offender, and (2) whether there was concurrent or consecutive sentencing. The trial court explained all the petitioner's rights as a criminal defendant, the significance of three convictions on his record, and the possibility of enhanced punishment due to petitioner's existing criminal record.[1]

The petitioner indicated he understood the court's explanations of sentencing range, principles, and procedure. Petitioner also indicated satisfaction with attorney Andrijeski's representation.

### B. Sentencing

At sentencing, the parties stipulated to petitioner's status as a Range II offender. The state requested the application of numerous enhancement factors and introduced the testimony of two victims. The petitioner did not testify and put on no proof other than his statement in the pre-sentence report.

### C. Post-Conviction Hearing

---

[1] The trial court also informed petitioner that he definitely would *not* be eligible for any type of probation.

3

### 1. Petitioner's Testimony

Petitioner testified at the post-conviction evidentiary hearing that trial attorney Andrijeski met with him approximately twelve times prior to the guilty plea. The first plea offer conveyed to him by Andrijeski was eight years; as the trial date drew near, the offer was twenty years. Petitioner contends he rejected the twenty-year offer on Andrijeski's advice. He claims she counseled him that a "blind plea" (without agreement) would be appropriate and that he would not receive more than twenty years. Were it not for this advice, petitioner claims he would not have pled guilty. Petitioner avers that no one told him the state would seek Range II sentencing. He steadfastly maintains counsel told him he would not receive more than twenty years, and that counsel never advised him of the possibility of a sixty-year sentence.[2]

### 2. Attorney Andrijeski's Testimony

Attorney Andrijeski agreed with petitioner's estimate regarding the number of meetings they had, but little else. She testified that the state's first offer was twenty-five years, not eight years; the lowest offer received was twenty years. The petitioner refused both offers because he felt it was too much time.

Andrijeski reviewed the possibility of a sixty-year sentence with petitioner, especially considering the state's proof. She recommended that petitioner take the twenty-year offer and advised him it was fair considering the factual circumstances of the offenses.

After petitioner declined the twenty-year offer, counsel mentioned the option of pleading without an agreement. Petitioner decided to do that because he believed he would do better than twenty years.

With regard to sentencing, Andrijeski prepared a sentencing memorandum. Petitioner gave her letters of support, allegedly from his football coach and dean of students at Knoxville University. However, those letters were not presented to the court because she discovered they were fraudulent.

---

[2]Sixty years was the maximum possible sentence had petitioner been sentenced to the maximum twenty years on each count, with all counts served consecutively.

4

### III. STANDARDS OF REVIEW

### A. Post-Conviction

The judge's findings of fact on post-conviction hearings are conclusive on appeal unless the evidence preponderates otherwise. Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990); Adkins v. State, 911 S.W.2d 334, 341 (Tenn. Crim. App. 1995). The post-conviction court's findings of fact are afforded the weight of a jury verdict, and this Court is bound by those findings unless the evidence in the record preponderates against them. Henley v. State, 960 S.W.2d 572, 578 (Tenn. 1997); Alley v. State, 958 S.W.2d 138, 147 (Tenn. Crim. App. 1997); Dixon v. State, 934 S.W.2d 69, 72 (Tenn. Crim. App. 1996). We may not reweigh or reevaluate the evidence, nor substitute our inferences for those drawn by the trial judge. Henley, 960 S.W.2d at 578-79; Massey v. State, 929 S.W.2d 399, 403 (Tenn. Crim. App. 1996); Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990). The burden of establishing that the evidence preponderates against the post-conviction court's findings is on petitioner. Henley, 960 S.W.2d at 579; Black, 794 S.W.2d at 755.

### B. Effective Assistance of Counsel

This Court reviews a claim of ineffective assistance of counsel under the standards of Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975), and Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The petitioner has the burden to prove that (1) the attorney's performance was deficient, and (2) the deficient performance resulted in prejudice to the defendant so as to deprive him of a fair trial. Strickland, 466 U.S. at 687, 104 S.Ct. at 2064; Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996); Overton v. State, 874 S.W.2d 6, 11 (Tenn. 1994); Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990).

In Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), the Supreme Court applied the two-part Strickland standard to ineffective assistance of counsel claims arising out of a guilty plea. The Court in Hill modified the prejudice requirement by requiring a defendant to show that there is a reasonable probability

that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. 474 U.S. at 59, 106 S.Ct. at 370; Hicks v. State, 983 S.W.2d 240, 246 (Tenn. Crim. App. 1998).

## IV. CONCLUSION

The outcome of this post-conviction matter is dependent upon whether the post-conviction court believed the testimony of petitioner versus that of his trial counsel. The post-conviction court's order dismissing the petition states most succinctly the reasons this appeal must fail:

> The Court accredits the attorney's testimony. Incarceration does strange things to the mind as here. A combination of forgetfulness, confabulation and pure mendacity has scrambled petitioner's memory to the point of unreliability. Petitioner has failed to carry his burden.

We interpret this order to mean that the trial court found petitioner to be lacking in credibility. The evidence does not preponderate against the post-conviction court's finding of mendacious testimony. Thus, we AFFIRM the decision of the post-conviction court dismissing the petition for post-conviction relief.

_____
**JOE G. RILEY, JUDGE**

**CONCUR:**

_____
**JERRY L. SMITH, JUDGE**

6

_____

**NORMA McGEE OGLE, JUDGE**